### BEALL v. MOORE. (No. 6182.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 26, 1919. Rehearing Denied April 2, 1919.)

JUSTICES OF THE PEACE &#x269C;72 — VENUE — PLEA OF PRIVILEGE—WAIVER.

Where case was pending in justice's court for several months, and five continuances were had, and no plea of privilege was ever called to attention of justice and ruling procured with respect thereto, the plea was waived.

Appeal from Medina County Court; R. J. Noonan, Judge.

Suit by Crit Moore against J. E. Beall. From an order overruling a plea of privilege, defendant appeals. Affirmed.

R. W. Hudson, of Pearsall, and De Montel & Fly, of Hondo, for appellant.
Briscoe & Morris, of Devine, and L. J. Brucks, of Hondo, for appellee.

MOURSUND, J. This is an appeal from an order overruling a plea of privilege, which had originally been filed in justice's court of precinct No. 5 of Medina county in a suit

by appellee against appellant for $150, alleged to be due appellee by appellant on account of the killing of appellee's mule by appellant. While the transcript of the justice's docket shows that the case was filed on March 7, 1917, there is an agreement to continue to the next regular term in the record, which purports to have been filed on December 18, 1916. The plea of privilege states that the case was filed November 7, 1916, and the citation served on November 15, 1916. The plea was sworn to on December 15, 1916, but purports to have been filed January 18, 1916. The judgment in the justice's court was rendered on June 18, 1917, and the cost bill shows that five orders continuing the case are charged for.

The transcript from the justice's court discloses that the case was pending in such court for several months, and disregarding the discrepancies in dates above pointed out, that one continuance was had without prejudice, but the record is silent as to the other continuances. In addition, the transcript wholly fails to show that the plea of privilege was ever called to the attention of the justice and a ruling procured with respect thereto. Under these circumstances it was the duty of the county court to hold that the plea had been waived. Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101; Aldredge v. Webb, 96 Tex. 122, 46 S. W. 225; I. T. A. v. Votaw, 197 S. W. 237; Hillsman v. Cline, 145 S. W. 727; T. & N. O. Ry. Co. v. Parsons, 109 S. W. 241; Parrott v. Peacock Military College, 180 S. W. 133; Edwards v. Youngblood, 162 S. W. 1166. The plea must be held to have been abandoned in the justice's court, in view of the condition of the record filed in the county court. The appellant is therefore in no attitude to complain of errors touching the matter of the plea alleged to have been committed in the county court. Chatham Mach. Co. v. Smith, 44 S. W. 592. We are, however, of the opinion that the record shows no error in the county court proceedings.

Judgment affirmed.