## SCHUMACHER COMPANY v. J. M. DOLIVE.

No. 3753.    Decided April 25, 1923.

(250· S. W., 673.)

**Plea of Privilege—Disposal at First Term.**

Under the Act of April 2, 1917, Laws, 25th Leg., p., 388, chapter 176, amending article 1903, Revised Statutes, a defendant who filed his plea of privilege to be sued in the county of his residence before appearance day and during a term of court preceding that to which he had been cited, could await notice of a contest thereof, should one be filed. His plea was not waived by his failure to have it acted on during the term at which it was filed, in the absence of notice of such controverting plea. Craig v. Pittman & Harrison Co., 250· S. W., 667, followed, and previous rulings not involving the effect of such amendment distinguished. (pp. 566, 567).

Question certified from the Court of Civil Appeals for the First District, in an appeal from the County Court at Law No. 2, of Harris County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for their opinion, and here adopt same as their own ruling.

*Wolters, Storey, Blanchard & Battaile,* for appellant, cited:

Harris Millinery Co. v. Melcher, 142 S. W., 100; Smith v. First Natl. Bank of Waco, 187 S. W., 233; Parrott v. Peacock Military College, 180 S. W., 132; Aldridge v. Webb & Hill, 92 Texas, 122; Auds Creek Oil Co. v. Brooks, Sup. Co., 221 S. W., 319; Griffith v. Sawyer, 221 S. W., 687; Article 1910, Vernon Sayles' Rev. Civ. Statutes; Rule 24 for Government of Dist. ·& County Courts; Eddleman v. Wofford, 217 S. W., 221.·

No briefs for appellee were on file.

MR. JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This case is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the First District:—

"This suit was instituted in the county court at law No. 2 of Harris County, Texas, by the Schuchmacher Company, Inc., against J. M. Dolive, a resident of San Jacinto County, Texas, to recover $349.27 as the purchase price of certain goods, wares and merchandise purchased by appellee from appellant.

"The defendant, Dolive, was served with citation on the 27th day of December, 1920, commanding him to appear and answer on the first Monday in February, 1921, same being the 7th day of said month and the first day of the February term of said court for 1921.

"On the 22nd day of January, 1920, while the December term of said court was still in session, the defendant Dolive filed his plea of privilege in manner and form as provided by Article 1903 of the Revised Civil Statutes as amended by the Acts of the 1917 Legislature. The attention of the court was not, during the December term, called to the fact that said plea of privilege had been filed and no order with reference thereto was made or entered during said term.

"On the 9th day of February, 1921, during the February term of said court, the plaintiff, The Schuchmacher Company, filed the following motion:

"'Comes now The Schuchmacher Company, Inc., plaintiff in the above numbered and styled cause, and with respect to the plea of privilege filed herein would show to the court:

"1    That the above styled case was an appearance case for the February Term of this Court; that the defendant on the 22 day of January, A. D 1921, during the December term of this Court, filed a plea of privilege to be sued in the county of his residence, which was alleged to be San Jacinto County; that said plea of privilege was permitted to lie on file in said cause during the remainder of said January term of court without being called to the attention of the Court, and without any action or request for action thereon, and without any agreement for continuance without prejudice, or any order of the Court to that effect; that no order of the Court was entered declaring that such plea of privilege was not passed by agreement, nor was it passed because the business of the Court was such that said plea of privilege could not be disposed of during the December Term of said court.

"Wherefore, by reason of the facts hereinbefore alleged, plaintiff moves the Court that such plea of privilege be denied and stricken out.'

"The plea of privilege was heard on the 24th day of March, during the February term of court, without any controverting affidavit having been filed, and the same was sustained and an order was entered transferring the cause to San Jacinto County for trial on its merits.

"The Schuchmacher Company has appealed to this court and insists that the trial court erred in not sustaining its motion to strike out said plea of privilege, because the defendant Dolive had waived said plea by not having called the attention of the court to the same during the term at which it was filed.

"In view of the fact that we are inclined to hold that the act of the trial court in sustaining the plea of privilege was proper, but have refrained from so holding only because of the fact that in the cases of Harris Millinery Co. v. Metcher, 142 S. W., 100, and Smith v. First National Bank of Waco, 187 S. W., 233, decided, respectively, by the courts for the Third and Fourth (Fifth and Third) districts, it was held that upon facts such as here presented the plea of privilege should be stricken out in that the same had been waived, we deem it advisable to submit the following question:

"Did the trial court err in refusing plaintiff's motion to strike out or overrule defendant's plea of privilege on the grounds stated in the motion above set out."

The trial court entered proper judgment in sustaining the plea of privilege and ordering the case transferred to San Jacinto County. The Court of Civil Appeals was correct in its inclination to affirm the judgment of the trial court.

In the very recent case of Craig, et al., v. Pittman & Harrison Company, 250 S. W. 667, we had occassion to pass upon a very similar state of facts, and, in connection therewith, to construe Article 1903 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914, as amended in 1917. Under this last Act of the Legislature, Dolive was required only to file his plea of privilege on or before the day named in the citation. He could then await notice of a contest thereof should one be filed. In the meantime, he was not required to look after his plea and see that it was passed upon at any particular time. His failure to do so did not constitute a waiver of his plea. Our reasons for this construction of the statute in question are fully set out by us in our opinion in the case hereinbefore referred to, and it is not necessary to reiterate them here.

The authorities referred to by the Court of Civil Appeals were rendered prior to the passage of this Act of 1917 and, even if such decisions were correct, have no application now. We will say, however, that there is a contrariety of opinion among Courts of Civil Appeals, even when applying the old rules governing pleas of privilege, as to whether or not a defendant filing such a plea was under

the duty, in any event, of calling up his plea prior to the return day named in the citation served upon him in order to avoid being penalized by being held to have waived such plea. In view of the new statute now applicable, it is not necessary to settle this conflict of authority which arose under the old rules.

We recommend that the certified question propounded herein be answered in the negative.

### BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.