## MRS. RUBY HENRY v. J. S. HENRY.

### No. 3822.    Decided June 6, 1923.

### (251 S. W., 1038.)

**Venue—Plea of Privilege.**

Where a defendant had filed a sufficient and duly verified plea of privilege to be sued in the county of her residence it was error to award judgment against her, though several terms had elapsed and there was no record showing that the plea, which was not controverted and not acted on, was called to the attention of the court.    Craig v. Pittman-Harrison Co., 250 S. W., 667; Schumacher Co. v. Dolive, 112 Texas, 564; followed.    (Pp. 126, 127).

Question certified from the Court of Civil Appeals for the Second District, on writ of error from Tarrant County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for its opinion thereon, hereby adopts same as its answer thereto.

*Wynne & Wynne,* for plaintiff in error.

The law is, after the plea of privilege has been filed in due season, that it shall be sustained by the trial court unless contested, and the defendant is required by law to take no further notice of the plea of privilege unless the same is contested and notice of the contest is served on the defendant for ten days; and in this cause the plea of privilege was filed in due season, properly entered on the motion docket, and no contest was filed and the defendant had the right to presume that the court had transferred the case to Van Zandt County for trial; and after the filing of the plea of privilege,

when it was not contested, the court had no jurisdiction to render any judgment by default against the defendant, and the only judgment he did have jurisdiction to render was a judgment sending the case from Tarrant County to Van Zandt County for trial. Bennett v. Rose Mfg. Co., 226 S. W., 143; Brooks v. Wichita Mill & Elevator Co., 211 S. W., 288; Ray v. Kimball, 207 S. W., 351; Murphy v. Dabney, 208 S. W., 981; Lucid v. McDowell, 206 S. W., 203; Merchants v. First Nat'l Bank, 192 S. W., 1098; Browne v. Walker, 206 S. W., 859; Art. 1832 of Vernon's Complete Statutes of Texas, 1920; Camp v. Gourley, 201 S. W., 671; Hinkle v. Thompson, 195 S. W., 311; Hickman v. Swain, 167 S. W., 209; Rev. Stats., Arts. 2118, 2120-2121.

*R. H. Smith,* for defendant in error.

Defendant in error asserts that before a plea of privilege filed can or ought to be acted on by the trial court, it must be presented to it for its action, and that anything short of this would be the same as though no such plea had ever been filed; mere filing with the clerk is not sufficient to call into action any adjudication of the court. Rev. Stats., art. 1910; Rule 24 for county and district courts; Harris Millinery Co. v. Melcher, 142 S. W., 100; Beall v. Moore, 210 S. W., 622; Lyons Bros. v. Corley, 135 S. W., 603.

There is no express repeal of art. 1910 or of rule 24 by Acts of 35th Leg., p. 388; and repeals by implication are not favored. Moss v. Bross, 221 S. W., 344; Jesse v. De Shong, 105 S. W., 1011.

MR. JUDGE RANDOLPH delivered the opinion of the Commission of Appeals, Section A.

The following certified question has been submitted to this section of the Commission for consideration, viz:

"The defendant in error, J. S. Henry, instituted this suit in the 17th District Court of Tarrant County on the 21st day of June, 1920, against Mrs. Ruby Henry, plaintiff in error, to recover a tract of land situated in Van Zandt County, Texas. The defendant, plaintiff in error here, was duly cited and on the first day of October, 1920, filed with the clerk of said court her plea of privilege to be sued in Van Zandt County, alleged to be the county of her residence. The plea was duly verified and in all respects sufficient under the amendment of 1917 relating to that subject. See, article 1903, V. S. Tex. Civ. Stats., 1918 Sup. The record discloses no further action until February 12, 1921, when, the defendant not having answered, judgment was rendered in favor of the plaintiff J. S. Henry for the title and possession of the lands as prayed for.

Several terms of court intervened between the filing of the plea of privilege and the judgment and the record fails to disclose that the plea was called to the court's attention, or that any request was made by the defendant for a disposition of the same, nor does the judgment in any way refer to or dispose of the plea of privilege, and plaintiff in error has prosecuted the writ herein and assigns error to the action of the Court in failing to dispose of her plea, insisting that the plea should have been granted and the venue of the suit transferred to the district court of the county of her residence.

This court held, upon the authority of Brooks v. Wichita Mill & Elevator Co., 211 S. W., 288; Bennett v. Rose Mfg. Co., 226 S. W., 143, and Murphy v. Dabney, 208 S. W., 981, that the trial court erred and that the judgment should be reversed for the reasons set forth in our original opinion, which will be transmitted herewith, and accordingly reversed the judgment below and ordered the case transferred to Van Zandt County, as prayed for in the plea of privilege.

The defendant in error has presented a motion for rehearing which is now pending before us and requests, in the event we are inclined to overrule it, that the question involved be certified to your Honors, and inasmuch as our conclusion is perhaps in conflict with the following cases cited in behalf of defendant in error, towit: Harris Millinery Co. v. Melcher, 142 S. W., 100; Beall v. Moore, 210 S. W., 622; Lyons Bros. Co. v. Corley, 135 S. W., 603; Auds Oil Co. v. Brooks Supply Co., 221 S. W., 319; and Roundtree v. Rowe, 227 S. W., 715, we deem it advisable to certify to your Honors for determination the question of whether under the facts stated plaintiff in error waived her plea of privilege?''

In the case of Craig, et al. v. Pitman-Harrison Co., recently decided by Section B of the Commission of Appeals, and adopted by the Supreme Court on April 18, 1923, Judge Powell, in an able opinion, has very fully discussed the question herein propounded, and in that case held that the trial court should have, under similar conditions, changed the venue of the case. The opinion of Judge Powell is an exhaustive discussion of the question and so fully presents the authorities that we think it would serve no useful purpose to attempt in this opinion to go over the same ground. Especially is this true because of the fact that the same section, Judge Powell writing the opinion, in the case of Schumaker Co. v. J. M. Dolive, approved by the Supreme Court on the 25th of April, 1923, followed the ruling in the Craig case on the question herein propounded.

We therefore recommend to the Supreme Court that the question submitted above by the Court of Civil Appeals be answered: that the plaintiff, Mrs. Ruby Henry, did not, under the facts set forth in the

certificate, waive her plea of privilege, but that the trial court should have considered same and changed the venue of the case to the District Court of Van Zandt County.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,*
Chief Justice.