**GALBRAITH v. BISHOP.   (No. 707–3949.)**

(Commission of Appeals of Texas, Section B.
Nov. 17, 1926.)

1. **Pleading ⬤⟶111—Filing of plea of privilege requires transfer of case, unless controverting affidavit is duly filed, and defendant must be served with notice (Rev. St. 1925, arts. 2007, 2008, 2019).**

Plea of privilege by defendant, sufficient on its face and filed in due time, deprives court of jurisdiction to enter any other judgment than one transferring case, under Rev. St. 1925, art. 2019, unless controverting affidavit is filed, under articles 2007, 2008 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), within five days after appearance day, and, if so filed, cannot be heard until defendant has been served with notice thereof for 10 days.

2. **Judgment ⬤⟶470—Judgment, valid on its face, cannot be collaterally attacked.**

Judgment, valid on its face, is not subject to collateral attack, the law imputing absolute verity to such judgment.

3. **Judgment ⬤⟶335(1)—Motion after term to set aside judgment, on ground that plea of privilege was overruled without notice of controverting plea or hearing, held in nature of bill of review.**

Motion filed after term to set aside judgment, showing that sufficient plea of privilege was duly filed and overruled without notice to defendant of any controverting plea or hearing thereon, is an equitable proceeding in nature of bill of review, it being immaterial that proceeding was called a motion.

4. **Judgment ⬤⟶17(8)—Entry of judgment after overruling plea of privilege, without notice or hearing of controverting plea, is improper.**

Judgment entered after filing of plea of privilege, which was overruled without notice to defendant of any controverting plea or of hearing on plea, is improper.

5. **Judgment ⬤⟶419.**

Judgment reciting service of citation can be set aside in direct proceeding, where no citation was actually served.

6. **Dismissal and nonsuit ⬤⟶81(4).**

Where plaintiff answered motion to reinstate cause and appeared, it was not necessary to serve formal petition and citation on him.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by H. B. Galbraith against F. Z. Bishop. An order of the district court denying defendant's motion to vacate a judgment against him was reversed and cause remanded by the Court of Civil Appeals (246 S. W. 416), and plaintiff brings error. Reversed and remanded, with directions.

Harbert Davenport and H. B. Galbraith, both of Brownsville, for plaintiff in error.
Thos. G. King, Birkhead & Lang and F. Stevens, all of San Antonio, and Kibbe & Perkins, of Brownsville, for defendant in error.

POWELL, P. J. We quote as follows from the opinion of the Court of Civil Appeals:

"On November 19, 1920, H. B. Galbraith brought this action against F. Z. Bishop, seeking to recover upon an alleged debt. The cause was returnable to the March, 1921, term of court, and service of citation was had upon Bishop in time to require him to answer at that term, which convened on March 14. On December 17, 1920, Bishop filed his plea of privilege, in due form, to be sued in Bexar county, where he claimed to reside, and on January 7, following filed an answer subject to the plea. No controverting affidavit was ever filed in reply to the plea of privilege, and, without taking any action in the matter, the court adjourned for the term, on April 16, 1921."

The next regular term of the court convened May 30, 1921. The court, in the absence of Bishop, set the case for trial on June 6, 1921. On that day, still in the absence of Bishop, the case was tried. Judgment was rendered against Bishop for approximately the amount sued for. No motion for new trial was filed at that term, nor at the next term, which convened in October, nor was appeal in any way perfected.

We quote the relevant portions of the judgment of the trial court, as follows:

"Be it remembered, that on this the 6th day of June, A. D. 1921, the same being a regular day of the regular May, A. D. 1921, term of the district court of Cameron county, Tex., for the trial of civil causes, came on to be heard in its regular order on the docket of said court the above-entitled and numbered cause, wherein H. B. Galbraith is plaintiff and F. Z. Bishop is defendant; the said 6th day of June, A. D. 1921, having been the day theretofore appointed by said court for the trial of said cause, and it having been placed on the docket of said court for trial on said day, and the plaintiff, being present in person and by counsel, announced ready for trial, and the defendant, F. Z. Bishop, though duly cited and having theretofore answered in said cause by his original answer filed the 7th day of January, A. D. 1921, came not. Whereupon the court, having heard the evidence and the pleadings and the argument of counsel, is of the opinion that both the law and the facts are with the plaintiff, and that defendant was and is justly indebted in the sum of $1,800.08 to the plaintiff, H. B. Galbraith."

It will be observed that this judgment, on its face, was entirely valid, the court having jurisdiction of the parties and the subject-matter. No mention was made by the court of the plea of privilege. On the contrary, it was recited in the judgment that an answer had been filed by the defendant.

At the January, 1922, term of the court, Bishop filed a motion to vacate and set aside the judgment rendered in June, 1921. Copy of that motion was duly served upon Gal-

braith. He answered by a general demurrer and general denial. Along with that answer, Galbraith filed the following motion:

"Comes now H. B. Galbraith, plaintiff in above entitled and numbered cause, and files this, his motion to strike and not consider and hold for naught defendant's motion to set aside and vacate plaintiff's judgment of June 6, 1921, because said motion of defendant is, in fact, a motion for a new trial and is filed and presented after the termination of the term of which said judgment was rendered, and this court is, therefore, without authority to consider same.

"Wherefore, plaintiff prays said motion of defendant be stricken," etc.

On the same day the court made the following order:

"Be it remembered, that on this the 10th day of February, A. D. 1922, the same being a regular day of said court, of said term, for the hearing of motions in civil causes, came on to be heard in its due order the motion of plaintiff, herein filed this date, to strike out and not consider and hold for naught defendant's motion to vacate and set aside the judgment of this court for plaintiff heretofore entered of date June 6, 1921, said motion of defendant having been heretofore filed on the 21st day of January, 1922, and it appearing to the court, after hearing argument of counsel, and considering the motions both of plaintiff and defendant, that plaintiff's motion to strike out and not consider defendant's motion of January 21, 1922, that plaintiff's motion should be in all things granted and allowed.

"Therefore it is considered and so ordered, adjudged and decreed that defendant's said motion of January 21st should not be considered, and the same is hereby stricken out and held for naught, to which action of the court defendant then and there excepted, and in open court, by proper entry upon the docket of this court, gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial district of San Antonio, Tex. Defendant is hereby granted 60 days from date hereof to file bills of exception and statement of facts."

From this last order, Bishop appealed to the Court of Civil Appeals at San Antonio. The final judgment of that court reads as follows:

"The motion for rehearing will be granted, the judgment of the court dismissing the motion to set aside judgment will be reversed, and the cause remanded, with instructions to the court below to proceed to transfer the cause to the district court of Bexar county, unless the plaintiff shall, in the meantime, file a proper affidavit controverting the plea of privilege filed by defendant, in which event the court shall proceed to hear and determine the plea on its merits.

"Motion granted, judgment reversed, and cause remanded, with instructions."

The opinion of the Court of Civil Appeals is reported in 246 S. W. 416.

This case involves two controlling questions. The first is a proper construction of article 1903, Vernon's Sayles' Annotated Civil Statutes of Texas, Supp. of 1918. That article reads as follows:

"A plea of privilege to be sued in the county of one's residence shall be sufficient, if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of such process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted, and shall state the county of his residence at the time of such plea, and that none of the exceptions to the exclusive venue in the county of one's residence, mentioned in article 1830 or article 2308 of the Revised Statutes, exist in said cause; and such plea of privilege, when filed, shall be prima facie proof of the defendant's right to change of venue. If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea, the judge or the justice of the peace shall note on same a time for a hearing on the plea of privilege: Provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least 10 full days, exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing, it shall not be necessary to serve the copy above provided for. Either party may appeal from the judgment sustaining or overruling the plea of privilege, and, if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

In its opinion, on rehearing, in the case at bar, the Court of Civil Appeals followed the great weight of authority among the Courts of Civil Appeals in this state, in construing this statute. A writ of error was granted by our Supreme Court in the case of Craig v. Pittman & Harrison Co. (Tex. Civ. App.) 234 S. W. 1112, Id. (Tex. Com. App.) 250 S. W. 667, on the ground that the Dallas court was in conflict with the decision of the Beaumont court in the case of Auds Creek Oil Co. v. Brooks Supply Co. (Tex. Civ. App.) 221 S. W. 319. The Craig Case was then referred to this court. About one month after the writ was granted in the instant case, our court decided the Craig Case, in an opinion by the writer of this opinion. We reviewed the history of this legislation at length and affirmed the holding of the Dallas court. Our decision in the Craig Case is in line with the final decision of the San Antonio court, in the instant case. The Craig Case was followed by our court in the case of Schumacher Co. v. Dolive, 112 Tex. 564, 250 S. W. 673. It was also expressly approved by section A of the Commission of Appeals, in the case of Henry v. Henry, 113 Tex. 124, 251 S. W. 1038. In the Dolive and Henry Cases, certified ques-

tions were answered and the opinions of the Commission adopted by the Supreme Court.

[1] Since these cases were written, the statutes of our state have been codified and re-enacted by our Legislature. Knowing how the Supreme Court had construed this very language, no attempt was made either by the codifiers or the Legislature to change the language. The article above quoted is now in our 1925 Statutes as articles 2007 and 2008. The only change made by the codifiers was to correct an evident oversight in the original statute in this: Originally, the controverting plea could be filed at some indefinite time. Under the 1925 codification, that plea must be filed "within five days after appearance day." So, under the new statute, not in effect when the instant suit was either filed or tried, prompt action must be accorded a plea of privilege. If a plaintiff desires to hold a defendant against such a plea, he must, within said five-day period, file a controverting plea. If it is not filed, then, under article 2019 of the 1925 Statutes, the cause must be transferred to the court having jurisdiction.

Therefore, under the well-settled law of this state, a plea of privilege, sufficient on its face and filed in due time, deprives a court of jurisdiction to enter any other judgment than one transferring the case, unless a controverting affidavit be duly filed. If such a controverting plea is filed, it cannot be heard until the defendant has been served with notice thereof for ten full days.

[2] It is clear that the Court of Civil Appeals has correctly construed this statute. But the question which did present some difficulty here was one with reference to the judgment entered on June 6, 1921, and already quoted herein. That judgment did not mention the plea of privilege. According to its very terms, it showed, affirmatively, jurisdiction of the person of defendant, as well as the subject-matter. Consequently, it was not subject to collateral attack. If there is any one principle of law which is worthy of all praise, it is that which imports absolute verity to judgments, valid on their face, as against collateral attack. The question is whether or not the motion to set it aside, filed as heretofore stated herein, is a mere motion for a new trial, preparatory to an appeal, or an equitable proceeding in the nature of a bill of review. If the former, as decided by the district court, it came too late, being filed after term time. If the latter, it should have been considered by the district court upon its merits and not dismissed.

[3] While the Court of Civil Appeals did not discuss this question, its final action clearly indicates that it thought this an equitable proceeding in the nature of a bill of review. In that conclusion, we think the court correct.

[4, 5] The motion itself is very lengthy. It does show equitable grounds for the relief

287 S.W.—69

sought. We shall not quote from it at length. Suffice it to say that it shows that a sufficient plea of privilege, duly filed, was overruled, without notice to the defendant of any controverting plea. There was no notice of any hearing on the plea of privilege at all. Under the statute, such a judgment was improper. It is just as essential to have this notice served upon a defendant as it would be to serve a defendant with a citation in an original suit. It has always been held that a judgment, reciting service of citation, can be set aside in a direct proceeding, where it is alleged and shown that no citation was actually served. It is a ground for equitable relief.

It is a matter of no particular moment that this proceeding was called a "motion." The important inquiry is into the nature of the allegations in the so-called motion. In this connection, we quote as follows from the opinion of Section A of the Commission of Appeals, in the case of Osborn v. Younger, 235 S. W. 558:

"We think that the petition is sufficient to constitute it a bill of review and is in compliance with the law. It matters not that the plaintiff misnamed it, if, in fact, it was a bill of review or an original proceeding instituted by plaintiff to set aside the judgment of dismissal. The petition recites and sets out at length the facts of the filing of the original cost bond, its approval by the clerk, and shows a meritorious cause of action. The petition is a direct appeal to the equitable power of the court and was filed in due time. Garrett v. Gaines, 6 Tex. 435; Johnson v. Cheney, 17 Tex. 341; Kruegel v. Porter ([Tex.] Civ. App.) 136 S. W. 801, affirmed in 106 Tex. 29, 155 S. W. 174."

The Supreme Court approved this holding by the Commission.

[6] Nor does it matter that there was no formal citation in the case at bar. The plaintiff in the trial court answered the motion to reinstate this cause, and he was heard in court. Where he appears, when served with copy of the motion, he has not been prejudiced by failure to be served with a formal citation. It is not necessary to state here what would be the result, should a defendant fail to appear without being served with a formal citation.

A formal petition and citation are not necessary in a case where the parties actually appear. In this connection, we quote from our Supreme Court, in an opinion by Judge Wheeler, in the case of Johnson v. Cheney, 17 Tex. 336:

"The defendant being there represented in court, and having the opportunity afforded him to contest the application, it could make no difference to him, and it can make none, as matter of practice, that the application was by motion instead of petition."

In the case of Osborn v. Younger, supra, the case was dismissed because of failure to

comply with rule for costs. The court dismissed the case, believing that no bond had been filed. As a matter of fact, under the allegations of the motion to reinstate, a bond was on file at the time the cause was dismissed. It was held that this mistake of fact was ground for equitable relief in the nature of a bill of review.

We think the district court should not have dismissed the motion to reinstate this case, but that it should have considered it upon its merits, as a bill of review.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former, with instructions to consider, at this time, on its merits, the motion filed in said court by defendant in error on January 21, 1922.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.