**SPENCER et al. v. SEVIER et al. (No. 651.)**

Court of Civil Appeals of Texas. Waco.

April 5, 1928.

Rehearing Denied May 3, 1928.

**1. Pleading ⟨key⟩111—Trial court cannot hear plea of privilege until defendants appeared or were served with notice of controverting affidavit for at least 10 days (Rev. St. 1925, art. 2008).**

Under Rev. St. 1925, art. 2008, trial court was without power to hear and determine plea of privilege until defendants, or their attorneys, either entered their appearance or had been served with notice of controverting affidavit for a period of at least 10 days.

**2. Pleading ⟨key⟩111—Trial court had power to continue, for service of controverting affidavit, hearing on plea of privilege to next term (Rev. St. 1925, arts. 2008, 2013).**

Where notices of hearing on plea of privilege were defective, trial court had power, under Rev. St. 1925, art. 2008, by order entered on next to last day of term, to continue for service on the hearing on plea of privilege and to hear and determine the matter at next term of court after proper service had been obtained on defendants of controverting affidavit to plea of privilege, as against contention that, under article 2013, plea was required to be determined during term at which filed.

Appeal from District Court, Hill County; Walter L. Wray, Judge.

Suit by Knox Sevier and others against Richard Spencer and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

S. J. T. Smith, of Waco, for appellants.

Barney A. Garrett, of Waco, for appellees.

BARCUS, J. This suit was instituted by appellees against appellants in Hill county to remove a cloud from title on land which appellees claimed to own. The suit was originally instituted against two of the appellants to the July term of the district court of Hill county, and they filed a joint plea of privilege, claiming their right to be sued in McLennan county, the place of their residence. A controverting affidavit to said plea of privilege was filed by appellee within the time required by law and service was attempted to be had thereon. Subject to the plea of privilege, the original defendants filed a plea in abatement, alleging that there was a defect in parties defendant, in that there were some 13 other parties that were necessary as parties defendant. Appellees then amended their petition and made all of said parties mentioned in said plea in abatement parties defendant and cited them to appear at the September term of court. When the controverting affidavit to the plea of privilege filed by the 2 original defendants was filed, the court set the hearing thereon for July 25th and directed notices to be issued. There was a defect in the notices and the court again set the hearing on the plea of privilege for hearing on August 5th and had additional notices issued. There was some question raised about the sufficiency of the second notices being in conformity with law, and the court entered an order on August 5th, which was next to the last day of the July term, continuing the hearing on the plea of privilege because there had been no proper service on the controverting plea, until the next term of court without prejudice to any of the parties. All the other defendants were properly served for the September term of court, but did not answer. During the September term of court, proper service having been obtained on the controverting affidavit filed by plaintiff upon the defendants who had filed the plea of privilege, the trial court heard the plea of privilege and tried the cause on its merits at the same time. He overruled the plea of privilege and rendered judgment in favor of appellees, removing the cloud from title as prayed for. All of the defendants filed a motion in the trial court for rehearing, which was overruled, and all of the defendants in the trial court are appellants in this court.

Appellants present as ground for reversal four assignments of error, which challenge the power of the trial court to continue the hearing on the plea of privilege to the September term of court and its power to hear and determine same after the July term had adjourned. Appellants contend that, since the plea of privilege was filed at the July term of court, under article 2013 of the Revised Statutes it had to be disposed of during said term, and, if the court did not dispose of it at the July term, the only order that could be entered in said cause was one transferring the same to the district court of McLennan county. Appellants themselves state that there was no service obtained for the July term of court on the controverting affidavit which appellees filed to the plea of privilege which had been filed by the two appellants. Article 2008 of the Revised Statutes provides that the hearing on a plea of privilege when a controverting affidavit has been filed, unless the parties agree upon a date—

"shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

[1, 2] Under this statute, the trial court was without power to hear and determine the plea of privilege until the defendants or their attorneys either entered their appearance or had been served with notice of the controverting affidavit for a period of at least 10 days.

Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667; Schumacher Co., Inc., v. Dolive, 112 Tex. 564, 250 S. W. 673. We think unquestionably the trial court had the power to continue for service the hearing on the plea of privilege and had the power to hear and determine same at the September term of court after proper service had been obtained on appellants of appellees' controverting affidavit to their plea of privilege.

Article 2013 of the Revised Statutes, relied upon by appellants, provides that all dilatory pleas and all pleas not involved in the merits of the case shall be determined during the term at which they are filed, if the business of the court will permit. There is nothing in the record showing that the trial court would have had time to try the plea of privilege even if there had been proper service.

Appellants do not complain of the judgment on the merits of the case as rendered by the trial court.

The judgment of the trial court is in all things affirmed.