CHAPMAN, State Banking Com'r, v. GIBSON.
(No. 8017.)

Court of Civil Appeals of Texas. San Antonio.
May 30, 1928.

Rehearing Denied July 27, 1928.

1. Pleading ⬤⟾111—County court could take no
action after filing of plea of privilege, in ab-
sence of controverting affidavit, except to
transfer cause.

After filing of plea of privilege to be sued
in particular county,' county court could legally
take no action, in absence of controverting af-
fidavit, except to transfer cause.

2. Dismissal and nonsuit ⬤⟾60(1)—Void acts
of county court induced by plaintiff held not
to show abandonment of prosecution.

Void acts of county court in rendering judg-
ment induced by plaintiff did not show abandon-
ment of prosecution, even if they could be in-
voked to show want of prosecution.

3. Dismissal and nonsuit ⬤⟾60(1)—Question of
abandonment of prosecution is controlled by
want of action at, or just before, dismissal for
want of prosecution.

Want of action at time of or just before dis-
missal of case for want of prosecution would
control in determining question of abandonment
of prosecution.

4. Dismissal and nonsuit ⬤⟾60(2)—Judgment
dismissing case for want of prosecution held
improper, where plaintiff took all action possi-
ble in county court and district court after
transfer.

Where case was transferred to district
court after judgment had been validly obtained
in county court, and defendant answered case,
and plaintiff took all action he could in both dis-
trict and county court, judgment dismissing case
for want of prosecution was improper.

5. Dismissal and nonsuit ⬤⟾60(2)—Unreason-
able or illegal effort cannot be made basis for
dismissal for want of prosecution, especially
where plaintiff transferred case after conced-
ing illegality of first course.

Unreasonable effort or effort not sanctioned
by law cannot be made basis for dismissal for
want of prosecution, especially where plaintiff,
after conceding illegality of county court's ac-
tion, transferred case to district court.

Appeal from District Court, Webb County;
J. F. Mullally, Judge.

Suit by J. L. Chapman, Banking Com-
missioner, against Gordon Gibson. Judg-
ment for defendant, and plaintiff appeals.
Reversed and remanded.

Hamilton & Rector, of Laredo, and W. H.
Baldwin, of Rockport, for appellant.

Gordon Gibson, of Laredo, for appellee.

FLY, C. J. This suit was instituted by
appellant on November 3, 1924, against ap-
pellee for the sum of $500, alleged to be
due by him as the owner of 10 shares of
an 'insolvent bank in Rockport. The suit
was instituted in Aransas county, in which
the bank operated and failed; it being al-
leged that appellee resided in Tarrant county.
On January 6, 1925, on the first day of the
first term of the county court after the suit
was filed, appellee filed a plea of privilege
to be sued in Webb county. On the same
day appellant filed an exception to the plea
of privilege "because said plea requests this
court to transfer this cause to the district
court of Webb county, Tex., without giving
any reason why the same ought to be trans-
ferred to said court." No controverting
answer was filed. On the same day, January
6, 1925, the court held the exception well
taken, overruled the plea of privilege, and
rendered judgment against appellee for $500,
with interest. Appellant sought to collect
that judgment by execution and writ of
garnishment; the prosecution of the last-
named writ being restrained by the district
court of Webb county June 2, 1927. On
July 18, 1927, Charles O. Austin, successor
as banking commissioner to J. L. Chapman,
moved the county court of Aransas county to
set aside its orders and judgment of January
6, 1925, and prayed that court in addition to
enter an order transferring the cause to
Webb county. The motion was in all things
granted, and the cause transferred to Webb
county. The transcript of the proceedings
of the county court of Aransas county was
filed in the district court of Webb county
on August 8, 1927, and on October 17, 1927,
appellee filed an answer to the petition of
appellant, and on same date filed a motion
to dismiss the cause for want of prosecution.
The grounds were, in substance, that ap-
pellant had failed to promptly have the case
transferred, although the county court had
lost all jurisdiction except to transfer the
case to Webb county, and, as all the acts in
connection with the cause in Aransas county,
after the plea of privilege was filed, were
void, appellant abandoned the prosecution
of his cause. There was no complaint of
any failure to prosecute the cause after it
was transferred.

[1-5] Undoubtedly under the law the county
court could legally take no action, after fil-
ing of the plea of privilege, in the absence
of a controverting affidavit, except transfer
the cause to Webb county. Craig v. Pittman
& Harrison (Tex. Com. App.) 250 S. W. 667;
Green v. Brown (Tex. Civ. App.) 271 S. W.
394; Schumacher v. Dolive, 112 Tex. 564,
250 S. W. 673. However, the void acts of the
court induced by appellant did not evince
an abandonment of the prosecution if they
could be invoked to show a want of prosecu-
tion, which we do not hold. The want of
action at the time of or just before the
dismissal would control on the question of

abandonment of the prosecution. The case had been transferred to Webb county, was regularly on the docket, had been answered by appellee, and seems to have been awaiting its call on the docket. The district court was holding its first term, and the cause was dismissed on the first day of the term. Appellant could have done no more in the district court than he had done, and for that matter had been extravagantly energetic in his misdirected efforts to forward his prosecution in the county court. Unreasonable effort or even effort not sanctioned by law cannot be made the basis of a dismissal for want of prosecution, but, if this could have been done in the county court at any time, it could not be legally done in the district court after appellant had seen the error of his ways and moved back into "the straight and narrow path" marked out by the statutes. None of the authorities cited by appellee are applicable to this case. In each one of them no action whatever was taken after filing, and the courts held that such filing of suit did not interrupt the running of statutes of limitation. . That is very different from continued action which was ill-advised and misdirected.

As both parties treat the matter of transfer from a county to a district court as legal and proper, we will so deem it.

The judgment is reversed, and the cause remanded.