## STONE v. McCASKEY REGISTER CO., Inc.
### (No. 1886.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 31, 1929.

Sam .C. Lipscomb, of Beaumont, for plaintiff in error.

B. F. Pye, of Beaumont, for defendant in error.

WALKER, J. This is an appeal by writ of error from a final judgment of the county court at law of Jefferson county in favor of defendant in error, plaintiff below, against plaintiff in error, defendant below, for the sum of $222.77, with foreclosure of chattel mortgage lien. The case was filed, and plaintiff in error was duly served with citation returnable to the term of court convening December 3, 1928. On November 26, 1928, plaintiff in error filed his plea of privilege in due form, praying that venue be transferred to Jasper county, where he lived and resided. No controverting affidavit was ever filed by defendant in error, but, when the case was called for trial on the 8th of March, it filed certain exceptions and moved to strike out the plea of privilege on the ground "because said plea of privilege having been filed on November 26, 1928, and more than three terms of this court having lapsed since that date and no order of this court having been entered continuing said cause without prejudice to said plea of privilege, the same has been waived by operation of law." This motion was sustained, and judgment on the merits entered against plaintiff in error, as above stated. Citing Holland Texas Hypotheek Bank v. Payne, 8 S.W.(2d) 325, by this court, defendant in error moves to dismiss the appeal on the ground that appeal by writ of error does not lie to an order overruling a plea of privilege.

The motion is overruled. This is not an appeal from the order overruling the plea of privilege, but from the final judgment on the merits. The error in overruling the plea is one of the assignments against the final judgment. In Smith Bros. Grain Co. v. Windsor et al., 255 S. W. 158, the Commission of Appeals held that the ruling on the plea of privilege may be reviewed on appeal from final judgment without the necessity of perfecting a separate appeal from the order overruling the plea of privilege. Construing article 2007, Rev. St. 1925, this court held, in McKittrick v. McDaniel, 300 S. W. 97, 98, that the controverting affidavit must be filed within five days after appearance day, and, where no controverting affidavit is filed, "the only jurisdiction the court has is to enter judgment sustaining the plea and transferring the case to the proper court for trial." Since defendant in error filed no controverting affidavit to the plea of privilege, which was in due form, the trial court had no jurisdiction to enter any judgment except an order transferring the case to Jasper county, and was without ju-

risdiction to try the case on its merits and enter the final judgment appealed from.

■■ As sustaining the ruling of the trial court, defendant in error cites Auds Creek Oil Co. v. Brooks, 221 S. W. 319, by this court. This case is no longer controlling authority on this issue. The propositions there advanced by us were afterwards certified to the Supreme Court in another case and decided adversely to our holding. Schumacher v. Dolive, 112 Tex. 565, 250 S. W. 673; Craig v. Pittman (Tex. Com. App.) 250 S. W. 667. Under these authorities a plea of privilege is not waived by the failure of the defendant to call it to the attention of the court for adjudication, and the passing of the case from term to term where no controverting affidavit has been filed does not constitute a waiver or abandonment of the plea.

The judgment of the trial court is reversed, and the cause remanded to the lower court, with instructions to change the venue to Jasper county.