## MILLER et al. v. KOUNTZE CORPORATE SCHOOL DIST. et al.

### No. 2051.

Court of Civil Appeals of Texas. Beaumont.
Feb. 19, 1931.

Rehearing Denied March 4, 1931.

Howth, Adams & Hart, and Elton Cruse, all of Beaumont, for appellants.

Oswald S. Parker, of Beaumont, and Jas. F. Parker, of Kountze, for appellees.

WALKER, J.

The plaintiffs are E. J. Miller and J. H. Yentzen. The defendants are: (1) Kountze Corporate School District (sometimes called Kountze Independent School District), which is incorporated under the laws of the state of Texas and has all the powers of such a corporation; (2) J. B. Hooks (president of said Kountze Corporate School District, or president of the board of trustees of said school district), and Thos. B. Coe, Bud Hooks, Nick Matthews, Frank Crews, James F. Parker, J. C. Alsup, and W. R. Robertson, all members of said board of trustees, and all of the foregoing parties being sued in their capacity as officials of said Kountze Corporate School District and individually; (3) J. O. Fountain, former president of the defunct Hardin County State Bank; (4) E. M. Pitts, E. L. Adams,

and L. M. Adams, sureties on a certain depository bond executed by the Hardin County State Bank for the purpose of guaranteeing the safety of the proceeds of school building money; and (5) W. B. Livesay and N. E. Wiedmann. The two defendants last named were and are residents of Jefferson county, J. C. Alsup·was a resident of Harris county, and the remainder of said defendants were and are residents of Hardin county.

As plaintiffs, appellants filed this suit against appellees as defendants on October 22, 1928, in Jefferson county, Tex. In January, 1929, plea of privilege filed by appellees was sustained and the case ordered transferred to the district court of Hardin county. At the time this order was made, the district court of Hardin county was in session. The next term of the district court of Hardin county convened on May 20, 1929. In the meantime, on February 15, 1929, the district clerk of Hardin county, answering an inquiry from appellants in regard to this case, wrote: 'This case has not been transferred as yet, that is the papers have not reached this office." On May 9, 1929, the district clerk of Hardin county again addressed a note to appellants to the effect that this case had "not been transferred, therefore, its not in this court." No effort was made by appellants to transfer the case until after adjournment of the May term nor until August 7, 1929, when the transfer was perfected.

On June 5, 1930, when the case, as it was on the docket of the district court of Hardin county, was called for trial, appellees' motion to dismiss on the ground that appellants had not exercised due diligence·in transferring the case was presented and in all things sustained. The case was also dismissed on the ground that appellants' cause of action was barred by limitation. The order of dismissal was as follows:

"No. 4981

"E. J. Miller et al. v. Kountze Corporate School District et·al.

"June 6th, 1930.

"Defendants Motion to Dismiss and plea of Limitation sustained, to which plaintiffs, in open court, excepts, gives notice of appeal to the Court of Civil Appeals of the 9th Supreme Judicial District of Texas, at Beaumont, Texas, and plaintiffs are allowed 80 days in which to file statement of facts and bills of exception."

· Against this order appellants duly filed motion for a new trial, which was overruled. Appellants thus summarize their answer to the motion to dismiss, bringing forward the facts upon which they sought to justify their delay in transferring the case:

"As appears from plaintiffs' reply to defendants' motion to dismiss and the exhibits attached thereto, plaintiffs believed that defendants would attend to the securing of the transfer of said cause to Hardin County.

"Although plaintiffs had until the 9th or 10th of February in which to perfect their appeal from said order of transfer and the January term of the district court at Kountze ended by provision of law on or prior to February 2, 1929, and although the next term did not commence until the 20th of May, as shown by Exhibit A and A-1 attached to said reply, counsel for plaintiffs wrote both the district clerk and the district judge, said letters indisputably evidencing the fact that plaintiffs were diligently active in attempting to secure a qualified court to try said cause.

"Though the district clerk at Kountze promptly advised that said cause had not then been transferred, he stated in such reply that the matter of having the disqualification of Judge Coe certified to the Governor so that a qualified judge might·be appointed would be attended to as soon as the papers were received by him, counsel for plaintiffs still believed that defendants would secure the transfer of said cause and relied upon defendants doing so. It was not until counsel received a copy of the settings of cases for the May term that they became aware or had reason to believe that defendants had not secured the transfer of said cause and counsel also noticed from said settings that no qualified judge had been assigned to the court at Kountze 'for said May term and that no time was set aside during said term for the trial of causes in which Judge Coe was disqualified. In fact the record shows 'that during the January, May and August terms, 1929, of the District Court of Hardin County, no other Judge exchanges benches with Judge Coe, and that Judge Coe presided over the district court of Hardin County, Texas, during all of the time of all of those terms of the district court of Hardin County, Texas.'

"Having finally ascertained, or at least concluded, that defendants did not intend to attend to the transfer of said cause, plaintiffs on or about August 17, 1929, completed the transfer of said cause and though the district clerk, in accordance with his promise previous mentioned, had Judge Coe, prior to the beginning of the August term, note his disqualification therein and further order same to be certified to the Governor, said form being the one mentioned in plaintiffs' letter of February 13, 1929 and having been sent to the district clerk at that time, for reasons never known to plaintiff, even to this day, the Governor did not appoint a qualified judge until April of 1930.

"Several weeks prior to the date hereinafter mentioned, at which time counsel for all parties received notice of same, this cause was duly set (such setting being the first and only setting ever made) for the week beginning June 2, 1930, and Judge Geo. O'Brien, who was designated to try said cause, informed counsel that he would take the same up June 5, 1930."

## Opinion.

■ One of the reasons advanced by appellants for not duly transferring the case was as follows, to quote from their brief:

"Plaintiffs believed that defendants would attend to the securing of the transfer of said cause to Hardin County."

That same excuse was offered by appellants in Hinkle v. Thompson (Tex. Civ. App.) 195 S. W. 311, 316, where Mr. Chief Justice Hightower, overruling appellants' proposition, said:

"Appellants, in their brief, take the position, by way of argument, at least, that it was as much the duty of appellees, after the order of transfer was made in Harris county, to see that the clerk of that court did his duty by transferring the record to Hardin county, as it was the duty of appellants themselves, for appellants argue that appellees were the ones who secured such order of transfer by interposing the plea of privilege of F. L. Thompson to be sued in Hardin county, and that, such being true, appellees' counsel should have been as diligent, and used as much care as ought to have been expected of appellants' counsel in seeing that the transfer was timely and properly made. To this contention we cannot agree, because we think that it was the duty of appellants' counsel to look after the transfer of this record from Harris to Hardin county, and to see that it was timely and seasonably done, because they represented the plaintiffs in the case, who were the actors in this controversy, and the mere fact that appellees availed themselves of their privilege to be sued in Hardin county, a statutory right, would not carry with it any obligation on their part to see that the transfer was, in fact, made, and that the suit was thereafter prosecuted in Hardin county. We think that such contention on the part of appellants is without any respectable authority to support it."

On this authority appellants were guilty of negligence in delaying the transfer of their case.

■ On the authority of the trial court to sustain appellees' motion, again quoting from the Hinkle Case, Judge Hightower said:

"There is no question, and appellants admit, that the motion to dismiss was addressed, and properly so, to the sound discretion of the district court of Hardin county, but they contend that that discretion was abused."

Appellants concede that the motion to dismiss for want of prosecution was addressed to the sound discretion of the trial court, but insist that this discretion was abused on the facts of this case. We do not think so. The case was ready for transfer at the January term, 1929, and appellants have not offered the least excuse for not prosecuting the trans-fer with diligence to that term, or at the most to the next term of the district court of Hardin county. The law fixes no period of time within which the transfer must be perfected. A proper regard for the orderly business of the courts requires that this transfer be prosecuted with diligence. On that proposition we cannot say that the court erred in dismissing the case. Chapman v. Gibson (Tex. Civ. App.) 8 S.W.(2d) 711, cited by appellants in support of their brief, is not at all in point. In that case only twenty-one days elapsed from the date of the order of the transfer to its filing in the proper court.

We pretermit a discussion of appellees' counter proposition supporting the dismissal, on the theory that appellants' cause of action was barred by limitation. What we have said, we think, satisfactorily disposes of the appeal.

Affirmed.