## GIBSON v. CHAPMAN, Banking Com'r.
### No. 8557.

Court of Civil Appeals of Texas. San Antonio.
March 4, 1931.

Rehearing Denied April 8, 1931.

270

W. R. Blackshear, of Laredo, for appellant.

N. A. Rector, of Laredo, for appellee.

FLY, C. J.

This is a second appeal of this cause. J. L. Chapman, Banking Commissioner v. Gordon Gibson (Civ. App.) 8 S.W.(2d) 711. We adopt the statement of the proceedings in that case:

"The suit was instituted in Aransas county, in which the bank operated and failed; it being alleged that appellee resided in Tarrant county. On January 6, 1925, on the first day of the first term of the county court after the suit was filed, appellee filed a plea of privilege to be sued in Webb county. On the same day appellant filed an exception to the plea of privilege 'because said plea requests this court to transfer this cause to the district court of Webb county, Tex., without giving any reason why the same ought to be transferred to said court.' No controverting answer was filed. On the same day, January 6, 1925, the court held the exception well taken, overruled the plea of privilege, and rendered judgment against appellee for $500, with interest. Appellant sought to collect that judgment by execution and writ of garnishment; the prosecution of the last-named writ being restrained by the district court of Webb county June 2, 1927. On July 18, 1927, Charles O. Austin, successor as banking commissioner to J. L. Chapman, moved the county court of Aransas county to set aside its orders and judgment of January 6, 1925, and prayed that court in addition to enter an order transferring the cause to Webb county. The motion was in all things granted, and the cause transferred to Webb county. The transcript of the proceedings of the county court of Aransas county was filed in the district court of Webb county on August 8, 1927, and on October 17, 1927, appellee filed an answer to the petition of appellant, and on same date filed a motion to dismiss the cause for want of prosecution."

The cause was tried without a jury, and judgment for $500, with interest at 6 per cent. from date of judgment, was rendered against appellant.

The court, under the testimony, properly found that the bank of which appellant was a shareholder and director was closed and taken possession of by the commissioner of banking of the state of Texas, and that an assessment of $500 was duly and legally placed on appellant. It was not paid and suit was instituted by the commissioner against appellant. He filed, in due course, his plea of privilege to be sued in Webb county. No controverting affidavit was filed, but an exception to the plea was presented to and sustained by the court and judgment rendered against appellant for the amount of the assessment. Further facts are stated in the statement made on the former appeal. More than two years after the rendition of the judgment, Austin, who had succeeded Chapman as banking commissioner, had the judgment set aside and the cause transferred to Webb county. It is strenuously insisted that appellee abandoned the prosecution of his cause for the reason that he did not ignore the judgment of the county court of Aransas county and at once have the case transferred to Webb county for trial. He has cited a number of causes to sustain that contention as he did on the former appeal. A reiteration that the authorities sustain his position does not add to nor alter this decision, and renders them no more applicable to the facts of this case than when the case was here on the former appeal. Not one of them is in point. For instance, in the old case of Flanagan v. Smith, 21 Tex. 493, it was held where a suit was filed in a justice's court and no further action taken therein by the plaintiff or the justice of the peace for four years, the cause was abandoned and should be dismissed for want of prosecution. Does it require argument or discussion to demonstrate that the facts of that case render it totally inapplicable to the facts of this case? The difference is so apparent that it would seem that any one could see it. The case of Brooks Supply Co. v. Hardee (Tex. Civ. App.) 32 S.W.(2d) 384, is one in which a party had given notice of appeal from an order granting a change of venue and no further action was taken by the plaintiff for six years. Of course, the court held that the plaintiff had abandoned the cause. The difference between the facts of that case and this is plain. No case has been cited in which the plaintiff acted with decision and had used all means afforded by law to carry out a judgment and was held to have abandoned his suit. Appellant seeks to hold appellee, a state officer, responsible, not for his own neglect, but for errors committed by a court in rendering a judgment in his favor. The state officer who held the office when the judgment was rendered in his favor, evidently believed it was correct and used all means given him by law to collect the amount for which the judgment was rendered. The new banking commissioner concluded it was best to have the judgment set aside and to transfer the cause under the plea of privilege. For this action it is sought to penalize the banking department of the state.

The facts sustain the judgment as found by the trial judge, and the judgment is affirmed.