## C. C. SLAUGHTER CO. et al. v. SLAUGHTER. (No. 32.)

(Court of Civil Appeals of Texas. Eastland. Nov. 6, 1925.)

**1. Appeal and error ⟨⟩66.**

No appeal lies from judgment or order of court which is not final.

**2. Appeal and error ⟨⟩82(3).**

Order of court setting aside former order which transferred cause and retaining case, without overruling plea of privilege, is not final appealable order.

**3. Appeal and error ⟨⟩782.**

In absence of final judgment, appellate court should dismiss case without taking further cognizance of issues involved, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2078.

**4. Pleading ⟨⟩104(2).**

Plea of privilege held proper in form to raise issue of venue and require transfer, in absence of sufficient proof supporting controverting plea.

**5. Pleading ⟨⟩104(2).**

Plea of privilege need not state that defendants were not residents of county at time plea was filed.

**6. Pleading ⟨⟩111.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1832, court is not authorized to make transfer of case under plea of privilege conditional upon payment of costs by defendants.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by W. B. Slaughter against the C. C. Slaughter Company and others. From an order setting aside a former order transferring the cause, defendants appeal. Appeal dismissed.

See, also, 276 S. W. 724.

Gresham, Willis & Freeman, of Dallas, for appellants.

Watson & Chapin, of San Antonio, for appellee.

RIDGELL, J. "This suit was filed on April 7, 1924, in the district court of Palo Pinto county, Tex., by Wm. B. Slaughter, alleging himself a resident of Bexar county, against C. C. Slaughter Company, a corporation, Carrie Averill Slaughter, R. L. Slaughter, E. Dick Slaughter, Minnie Slaughter Veal and her husband, George T. Veal, Dela Slaughter Wright and her husband, G. G. Wright, C. C. Slaughter, Alex A. Slaughter, Carrie Slaughter Dean and her husband, Jno. H. Dean, Nellie Slaughter De Loache and her husband, Ira P. De Loache, Allie D. Slaughter, a widow, Jo Dick Slaughter, George Slaughter, and Eloise Slaughter, alleging that all of these defendants resided in Dallas county, Tex., except R. L. Slaughter and Jo Dick Slaughter, who were alleged to reside in Lubbock county, Tex., and Allie D. Slaughter, George Slaughter, and Eloise Slaughter, who were alleged to reside in Roswell, N. M. The plaintiff alleged that on or about and prior to the 22d day of March, 1915, he was a man of large means and financial resources, but that on or about that date one of the banks in which he was interested, and of which he was president, failed, precipitating a crisis in his financial affairs, and that criminal proceedings were started against him as a result of this failure. That plaintiff then sought the assistance of his brother, C. C. Slaughter, of Dallas, Tex., who agreed to advance him such money as might be necessary to take care of his most pressing debts, defend him against the criminal proceedings, and in general to protect his financial interests; and that it was agreed that C. C. Slaughter was to be reimbursed for such money thus advanced, and to be advanced, by the absolute sale of certain stock by plaintiff to him, and by the conveyance and delivery of all the balance of plaintiff's property to him in trust for the plaintiff. Plaintiff further alleged that C. C. Slaughter under this agreement was to take care of plaintiff's property, and as conditions might justify, to sell off this

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

property and use the proceeds to pay off and satisfy such loans and advancements as he made the plaintiff. Plaintiff further alleged that he was employed by C. C. Slaughter for a period of 10 years to manage his (C. C. Slaughter's) ranches at a stipulated salary and bonus.

"Plaintiff further alleged that a portion of this property was by agreement transferred to G. G. Wright under a somewhat similar agreement to that entered into with C. C. Slaughter, the transfer to Wright having also some connection with an alleged agreement of Wright's to represent W. B. Slaughter as his attorney.

"Plaintiff further alleged that some time in 1918, he was placed in bankruptcy, and that his trustees in bankruptcy filed suit against C. C. Slaughter and the C. C. Slaughter Company, and G. G. Wright, to recover of them plaintiff's equity in the property transferred by him to them in trust, and that this suit was settled by said defendants with plaintiff's trustee for the sum of $85,000.

"Plaintiff further alleged that C. C. Slaughter died on or about January, 1919, without having sold any of plaintiff's property (so far as known to plaintiff) and without having repudiated said trust, and by his will disposed of all his property to his children, the defendants in this suit. That thereby said children and defendants became possessed of the entire capital stock of the C. C. Slaughter Company, to which company plaintiff had transferred his property under his agreement with C. C. Slaughter, and that they then fraudulently caused the company to transfer all of plaintiff's property to them personally. Plaintiff further alleged that almost immediately after C. C. Slaughter's death, said defendants wrongfully discharged him as foreman of said ranches and thereby became liable to him in damages.

"Plaintiff further alleged that the defendants refused to give him any accounting of the amount of money advanced on his account, or of the property sold, and he prayed for an accounting of all sums advanced to him, of all sums realized out of the property transferred by him, whether as rents and profits or by sale, and for full particulars as to any property sold; and that if it should appear there was any residue due to him, that same should be paid over to him and that he should be permitted to redeem said property or the residue thereof. Plaintiff further prayed in general terms that all deeds pertaining to said property be canceled and held for naught, and that the cloud cast upon his title thereby be removed, and that he have judgment for the value of any property that may have been sold after liquidating said advancements and interest, for actual damages in the sum of $500,000, and for exemplary damages in an equal amount.

"The petition alleged that part of the property conveyed by plaintiff to the C. C. Slaughter Company on July 8, 1915, consisted of some six or seven lots in an addition to the city of Palo Pinto, in Palo Pinto county, Tex., but contains no allegation that this property had not been sold prior to the institution of this suit.

"On or about July 2, 1924, defendants C. C. Slaughter Company, a corporation, Carrie Averill Slaughter, R. L. Slaughter, E. Dick Slaughter, Minnie Slaughter Veal and her husband, George T. Veal, C. C. Slaughter, Alex A. Slaughter, Nellie Slaughter De Loache and her husband, Ira P. De Loache, Allie D. Slaughter, a widow, Jo Dick Slaughter, George Slaughter, and Eloise Slaughter, 14 of the defendants in the above suit, filed their plea of privilege to have this case removed to the district court of Dallas county, Tex., alleging that all of the defendants in the suit resided at all pertinent times, in Dallas county, Tex., except Jo Dick Slaughter, who resides in Lubbock county, Tex., and Allie D. Slaughter, George Slaughter, and Eloise Slaughter, who reside in Roswell, N. M. That no part of the lands owned by any of the defendants in this suit and involved in it was then or was at the time of the institution of this suit situated in Palo Pinto county, Tex. That the principal part of the estate inherited by defendants and involved in this suit, at all pertinent times, was situated in Dallas county, Tex., and that there was no exception provided by law which would authorize this suit to be brought or maintained in Palo Pinto county, Tex. This plea did not state affirmatively that defendants were not residents at time plea was filed."

The appellees on July 8, 1924, filed a controverting affidavit except as to the defendants Wright and wife, and Dean and wife, alleging that the suit, among other causes of action, is to quiet title to blocks of land situated in Palo Pinto county, Tex., describing the land set out in the petition of appellee.

"Appellees further controvert all that part which alleged that the principal part of the estate inherited by the defendants, concerning which this suit commenced, does not now and did not at the institution of this suit lie in Palo Pinto county, Tex., but same lies and is situated in Dallas county, Tex., but says that same is not true in whole or in part; that defendants did not inherit said estate or any part thereof, but on the contrary acquired same as legatees and devisees under the will of their ancestor, C. C. Slaughter, now deceased, and that the provisions of section 11, art. 1830, has no application to the facts of this case. Said amended petition is made part thereof."

On October 27, 1924, a hearing was had on the plea of privilege, and the court sustained the plea and ordered the case transferred to the district court of Dallas county upon the payment of all costs incurred therein. Thereafter on October 31, 1924, the court entered

an order allowing the auditors a fee of $6,-000, and amended the judgment transferring the cause to read that the case would be transferred only upon condition that appellants pay all court costs including the auditors' fee; the auditors being appointed on motion of appellee.

The appellants filed a motion objecting to the taxation of costs, and insisted that the cause be transferred without any conditions. On November 24, 1924, it seems that the court without any hearing from all the parties set aside his former order transferring the cause and made an order retaining jurisdiction of the case. The appellants excepted to the order and gave notice of appeal, and the action of the court upon the plea of privilege is before this court for review.

[1, 2] At the threshold of this case, we are confronted with an error fundamental, which will require a dismissal of the appeal. It is generally accepted authority in this state that no appeal lies from a judgment or order of the court which is not final. The judgment of the court attempted to be appealed from in this case is as follows:

"On November 24, 1924, * * * came on to be heard the motion of the plaintiff to set aside and vacate the judgment of the court entered herein heretofore transferring this cause on the plea of privilege filed by defendants to the district court of Dallas county, Tex., and the court after hearing said motion, and being fully informed thereon, is of the opinion that the motion should be granted.

"It is therefore the order, judgment, and decree of the court that the judgment heretofore entered in this cause sustaining the plea of privilege filed by the defendants herein and transferring this cause to the district court of Dallas county, Tex., be and the same is hereby in all things set aside and vacated, and said cause is hereby retained in this court, and it is so ordered.

"To which action of the court the defendant by counsel in open court excepted and gave notice of appeal to the Court of Civil Appeals in and for the Second Supreme Judicial District of the State of Texas at Fort Worth, Texas."

This is not a final judgment. The court merely set aside, as it had authority to do,· the former order transferring the cause and retained the case in that court. There is no order overruling the plea of privilege, and the act of the court in setting aside the judgment and retaining the case could not be construed as a judgment overruling the plea, and the effect of the appeal herein is to appeal from the order setting aside the former judgment. The judgment would have meant as much if the court had omitted, "that the suit was retained in that court," because that would be the effect of setting aside the judgment.

[3] There being no final judgment, it is the duty of this court to dispose of the case without taking further cognizance of the issues involved in the appeal. Article 2078, Vernon's Sayles' Ann. Civ. Statutes 1914; Green v. Banks, 24 Tex. 522; Bowen et al. v. Grayum et al. (Tex. Civ. App.) 150 S. W. 472; Fitzgerald v. Evans et al., 53 Tex. 461; Garza v. Baker, 58 Tex. 483; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Leyhe v. McNamara (Tex. Com. App.) 243 S. W. 1074.

As this plea and controverting plea is on the docket of trial court undisposed of by any judgment and in view of another hearing of said plea, we deem it proper to make some discussion of some of the questions that may arise.

[4] The plea of privilege in this case is in necessary form to raise the issue of venue, and unless sufficient proof is offered in support of the controverting plea, it would be the duty of the court to transfer the cause to Dallas county, Tex. Ray et al. v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351; Haynie Bros. v. Lea et al. (Tex. Civ. App.) 255 S. W. 506. If there is no land in Palo Pinto county involved in the suit, or if the land had been sold prior to the institution of the suit, and other allegations of the plea are not controverted by the evidence, then it would be the duty of the court to transfer the cause.

[5] The objections to the plea that it does not state that appellants were not residents of the county at the time the plea was filed are not well taken, and the omission does no violence to the statutes. In the case of Poole v. Pierce-Fordyce (Tex. Civ. App.) 209 S. W. 706, the court holds as follows:

"As the plea was signed and sworn to in the county of defendant's residence, Presidio county, it is obvious that if it had contained the statement that at the time of the filing thereof defendant did not reside in Bexar county, such statement could at the utmost reflect only an intention not to remove to Bexar county before the filing of the plea."

It would follow said omission in this plea under the circumstances would not render the same insufficient.

[6] The court in this case attempted to make the transfer conditional upon appellants paying the cost. This was unauthorized and unwarranted, for under article 1832, Vernon's Sayles' Ann. Civil Statutes 1914, the duty and authority of the court is manifest, and that cost incurred prior to the time such suit is filed shall be taxed against the plaintiff.

In view of the fact that no final judgment was rendered herein upon which an appeal could be predicated, the appeal in this cause will be dismissed, with the cost of this appeal adjudged against the appellants.