**C. C. SLAUGHTER CO. et al. v. SLAUGHTER. (No. 1866.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1926. Rehearing Denied Dec. 16, 1926.)

1. **Pleading ☞111—Unless plea of privilege is disposed of or waived, court has no jurisdiction to try case.**

Trial court has no jurisdiction to try case on merits and render final judgment without first disposing of plea of privilege, unless it has been waived.

2. **Pleading ☞110—Trial on merits held not waiver of plea of privilege, where parties and court construed order to overrule plea.**

Waiver of plea of privilege and appeal from order thereon *held* not effected by trial on merits, since all parties and court construed order to overrule plea, and appeal from order overruling plea does not suspend trial.

3. **Appeal and error ☞154(3)—Pleading ☞110—Trial on merits held not waiver of plea of privilege and appeal from order thereon, where exception to trial was taken.**

Waiver of plea of privilege and appeal from order thereon *held* not effected by trial on merits, where exception was taken to trial on ground of plea of privilege and appeal from order thereon.

4. **Appeal and error ☞882(5)—Doctrine of invited error held not to apply to trial on assumption that order overruled plea of privilege.**

Contention that error in proceeding to trial on false assumption that plea of privilege had been overruled was invited by appellants *held* without merit, since court knew character of order entered on plea.

5. **Appeal and error ☞520(1)—Transcript on appeal from order on plea of privilege and opinion, sent by court hearing it, and filed by permission, held properly part of record on appeal from judgment (Rev. St. 1925, art. 2278).**

Transcript on appeal from order on plea of privilege and opinion on appeal, sent by court hearing it, and filed by permission, *held* properly part of record on appeal from judgment, as all records of lower court belong in transcript except citation and return, and, if not in original transcript, may be brought up by certiorari, in view of Rev. St. 1925, art. 2278.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by W. B. Slaughter against the C. C. Slaughter Company and others. Judgment against the C. C. Slaughter Company and others, and they appeal. Reversed and remanded, with instructions.

See, also, 276 S. W. 724.

J. Hart Willis, of Los Angeles, Cal., Gresham, Willis & Freeman and John W. Pope, all of Dallas, for appellants.

W. H. Lipscomb, of Fort Worth, amicus curiæ.

Watson & Chapin, of San Antonio, for appellee.

HIGGINS, J. This is an appeal by C. C. Slaughter Company and others from a final judgment rendered against them in favor of W. B. Slaughter upon the trial of a case upon its merits at the April term, 1925, of the district court of Palo Pinto county. By order of the Supreme Court the appeal was

transferred from the Eleventh Court of Civil Appeals at Eastland to this court.

By order of the Court of Civil Appeals at Eastland there has been sent to the clerk of this court the transcript of an appeal in that court, numbered 32, upon its docket, entitled C. C. Slaughter Co. et al. v. W. B. Slaughter. This transcript, together with a certified copy of the opinion rendered upon that appeal by the Eastland court, by leave of this court, has been filed with the record of the present appeal pending in this court. The opinion of the court at Eastland in cause No. 32 was rendered November 6, 1925, and is reported in 284 S. W. 350. That opinion, as well as the transcript mentioned, discloses that in the case now before this court a plea of privilege was filed by certain of the defendants therein who are appellants here setting up their right to be sued in Dallas county. A controverting affidavit was filed by W. B. Slaughter and at the fall term, 1924, the trial court first entered an order sustaining the plea of privilege. A few days later the order was amended so as to condition the transfer to Dallas county, upon the payment of certain costs by the defendants. Later at the same term the trial court set aside its amended order and made an order retaining jurisdiction of the case. From the last-mentioned order the defendants attempted to appeal. That appeal is the one above mentioned, No. 32, upon the docket of the Eastland court. The Eastland court dismissed the appeal holding that no final judgment had been rendered upon the plea of privilege; that the plea of privilege and controverting affidavit remained undisposed of upon the trial court docket. This ruling of the Eastland court is final and the law of that appeal.

[1] The judgment now before this court for review is the final judgment upon the merits in the same case. From what has been said it is apparent the trial court undertook to try this case upon its merits and render final judgment without having first disposed of the plea of privilege. Under the authorities the court was without authority so to do unless the plea had been waived. The matter was jurisdictional. Bishop v. Galbraith (Tex. Civ. App.) 246 S. W. 416; Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076; Henry v. Henry, 113 Tex. 124, 251 S. W. 1038; Craig v. Pittman & Harrison (Tex. Com. App.) 250 S. W. 667; Schumacher v. Dolive, 112 Tex. 564, 250 S. W. 673; Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298; Green v. Brown (Tex. Civ. App.) 271 S. W. 394; Doak v. Biggs (Tex. Civ. App.) 235 S. W. 957.

[2] Appellee asserts the appellants waived their plea of privilege by proceeding to trial upon the merits. The Supreme Court has held that an appeal from an order overruling a plea of privilege does not suspend trial of the case upon its merits. Allen v. Woodward, 111 Tex. 457, 239 S. W. 605, 22 A. L. R. 1253. To the same effect is Martin v. McKean & McNeal (Tex. Com. App.) 257 S W. 241. Under this ruling appellants could not be considered as having waived their plea of privilege and attempted appeal from the order of the court thereon, which appeal was then pending and later dismissed by the Eastland court, for it is manifest all of the parties and the trial court thought the plea had been overruled and so construed the previous order of the court.

[3] But, in addition to this, the record discloses that appellants reserved all of their rights, for by bill of exceptions it is shown that when the case was called for trial the defendants excepted to trial at that time because they had filed a plea of privilege, and from the court's ruling thereon they had appealed, and their announcement was made subject to the plea "and without in any way waiving said pleas and the appeal thereof and any right therein."

[4] Under the authorities heretofore first quoted there was no waiver; nor is there any merit in the suggestion that appellants invited the error of the trial court in assuming that the plea had been overruled and the case might properly proceed to trial upon its merits. The court knew, as well as counsel, the character of the order which it had entered upon the plea of privilege. In our opinion there is nothing in this record to indicate that these appellants were responsible for the action of the trial court in trying the case upon its merits before disposing of the plea of privilege; therefore the doctrine of invited error has no application whatever. It is manifest appellants were at all times diligently endeavoring to protect their right to be sued in Dallas county.

[5] It is further contended by appellees that the power of the trial court to proceed to trial upon the merits was jurisdictional and this court cannot consider evidence dehors the record to impeach the jurisdiction of the trial court; that the proceedings upon the other appeal are not a part of the record in the present appeal. We need not pause to inquire as to the power of this court to inquire into matters dehors the record to determine the jurisdiction of the lower court, for we are of the opinion that the transcript from the Eastland court in cause No. 32 and the opinion of that court in said appeal are properly before this court as a part of the record in the present appeal. That transcript is a copy of records of the lower court in this same case. The mandate of the Eastland court and a certified copy of its opinion belong in and are a part of the record of the trial court in this case. All of the records of the lower court in this case belong in the transcript here except the citation and return. Article 2278, R. S. All of such records not incor-

porated in the original transcript of the present appeal might have been brought to this court by certiorari. The same purpose is served by the order of the Eastland court sending to this court the transcript of the attempted appeal from the order upon the plea of privilege and the order of this court permitting the filing of such transcript and a certified copy of the opinion of the Eastland court. Our ruling in this case is based upon the record of this case and no question is presented of recourse to evidence aliunde the record impeaching the jurisdiction of the lower court.

We are of the opinion the trial court erred in proceeding to final trial and judgment against these appellants without having first disposed of the plea of privilege; that the error is jurisdictional, fundamental, and properly presented by appellants for review and correction. For this error the judgment will be reversed, and the cause remanded for trial upon its merits in the court of proper venue as the same may be determined upon the plea of privilege.

The other questions presented by appellants relate to the merits of the case. The merits have never been rightfully before the lower court for determination and for this reason are not now properly before this court. They will therefore not be considered or discussed.

Reversed and remanded, with instructions.