# JANUARY, 1930

W. B. SLAUGHTER v. J. R. HARPER ET AL.

No. 5261.  Decided June 12, 1929, January 12, 1930.
(17 S. W., 2d Series, 763.)

W. B. SLAUGHTER v. J. B. KEITH ET AL.

No. 5262.  Decided June 12, 1929, January 12, 1930.
(17 S. W., 2d Series, 763.)

C. C. SLAUGHTER ET AL. v. W. B. SLAUGHTER ET AL.

Motion No. 8498.  Decided June 12, 1929, January 12, 1930.
(17 S. W., 2d Series, 763.)

*D. B. Chapin,* for relator.

A notice of appeal given before the actual entry of the final judgment confers no jurisdiction upon the appellate court. Trotti v. Kinnear, 144 S. W., 325; Gulf, etc., Ry. Co. v. Atlantic Fruit Co., 184 S. W., 294; Gammage v. Alexander, 14 Texas, 411; Hill v. State, 41 Texas, 255; Texas, etc., Ry. Co. v. Texas Tram. Co., 110 S. W., 140; Partridge v. Wooton, 137 S. W., 412; Lapp v. Ward, 257 S. W., 945; Palmo v. Slayden, 92 S. W., 986; Broderick v. Waco Brick Co., 150 S. W., 600; Holbein v. De la Garza, 126 S. W., 42; Cooper v. Carter, 233 S. W., 1020; Stinnett v. Dudley, 277 S. W., 801; Shields v. Amicable Life Ins. Co., 287 S. W., 293; Huston v. Berry, 3 Texas, 235.

Since defendants did not take an appeal or sue out a writ of error from the action of the trial court in rendering said judgments in this case, such judgments being part of the record are conclusive upon the appellate court. Harris v. Stark, 101 Texas, 587; Wichita Valley Ry. Co. v. Perry, 88 Texas, 378; Boggess v. Harris, 90 Texas, 476; Burnett v. State, 14 Texas, 455; Cowan v. Ross, 28 Texas, 228; Lutcher v. Fuller, 200 S. W., 556.

It does not require the citation of authority to sustain the proposition that a judgment rendered by a court, even of general jurisdiction, is void, if it had, at the time of the rendition of the judgment, no jurisdiction of the person of the defendant or the subject matter of the litigation. Crawford v. McDonald, 88 Texas, 626; Railway Co. v. Hall, 85 S. W., 786; Gonzales v. Gonzales, 285 S. W., 207; Edens v. Cleaves, 206 S. W., 722; Nunez v. McElroy, 184 S. W., 531; Gilbough v. Stahl Bldg. Co., 91 Texas, 621; Coleman v. Ward, 285 S. W., 1074; Western Union Tel. Co. v. O'Keefe, 87 Texas, 423.

It is settled law that a motion to vacate a judgment of a court of civil appeals upon jurisdictional grounds may be made at a subsequent term. Nunez v. McElroy, 184 S. W., 531; Edens v. Cleaves, 206 S. W., 722; Gonzales v. Gonzales, 258 S. W., 207; Gilbough v. Stahl, 91 Texas, 621; Railway Co. v. Hall, 98 Texas, 480.

*J. W. Madden, John W. Pope, J. Hart Willis* and *Beall, Worsham, Rollins, Burford & Ryburn,* for respondents.

Such relief cannot be obtained in a mandamus proceeding for the Supreme Court has no jurisdiction or power to reverse or vacate a judgment rendered by Court of Civil Appeals or any inferior Court and substitute in place of such judgment its own

decision on the merits of the case. Little v. Morris, 10 Texas, 263; Matlock v. Smith, 96 Texas, 211; Aycock v. Clark, 94 Texas, 375; State ex rel. Johnson v. Morris, 86 Texas, 226; Ewing v. Cohen, 63 Texas, 482; Ex parte Newman, 14 Wall., 152; Newnom v. Neill, 101 Texas, 42; Maxwell v. Hall, 114 Texas, 319; McDowell v. Hightower, 111 Texas, 585.

The jurisdiction of the Court of Civil Appeals in the instant case depends upon a question of fact. In other words, the amount in controversy and the issues involved are such as that the Court of Civil Appeals acquired jurisdiction if notice of appeal was given. The record showed that notice was given. Affidavits filed show that notice was given, but the relator undertook to raise the question in the Court of Civil Appeals by application for writ of certiorari to bring up orders entered subsequent to the perfecting of the appeal and the filing of the record in the Court of Civil Appeals. Revised Statutes, 1925, Article 1822; Drake v. Yawn, 248 S. W., 726. In support of this rule the Court of Civil Appeals cites Western Union Tel. Co. v. O'Keith, 86 Texas, 423; Gilbough v. Building Co., 91 Texas, 621; Williams v. Knight Realty Co., 217 S. W., 755; Luse v. Palmer, 221 S. W., 1031; Maury v. Turner, 244 S. W., 809. To the same effect is the opinion of the Court of Civil Appeals in the instant case in Slaughter v. Slaughter, 276 S. W., 724; and the opinion of the Supreme Court in Busby v. Lynn, 37 Texas, 146. The judgment of the Court of Civil Appeals on all questions of fact is conclusive. R. S. 1925, Article 1820; Sabine Tram Co. v. Texarkana & Ft. S. Ry. Co., 105 Texas, 32.

This court will not compel, by mandamus, the discretion of the Court of Civil Appeals to be exercised in any particular way.

The relator has called upon the Court of Civil Appeals to exercise its discretion. The Court of Civil Appeals has exercised its discretion, but the relator seeks to obtain from this court a writ of mandamus compelling the Court of Civil Appeals to exercise its discretion favorable to the relator and holding that notice of appeal was not given. The Supreme Court will not do this. Anderson v. Rogan, 54 S. W., 242, 93 Texas, 182; State ex rel. Johnson v. Morris, 24 S. W., 393, 86 Texas, 226; Teat v. McCaughey, 22 S. W., 302, 85 Texas, 478; Ewing v. Cohen, 63 Texas, 482; Bledsoe v. Ry. Co., 40 Texas, 537; Lauraine v. Ashe, 191 S. W., 563, 109 Texas, 69; Rush v. Browning, 132 S. W., 763, 103 Texas, 649; Warren v. Scarborough, 241 S. W., 551; Matlock v. Smith, 71 Texas, 956, 96 Texas, 211.

Writs of mandamus will not be issued where there is a clear legal remedy. In this case if the Court of Civil Appeals erroneously decided the questions presented to it, the relator here had his remedy by writ of error to this court. He pursued this remedy and this court refused the writ of error. Mandamus is not a substitute for writ of error, nor an alternate remedy. Hardin v. Hamilton, 204 S. W., 679; Reeves v. Roseborough, 267 S. W., 973; Camden Fire Insurance Co. v. Hill, 276 S. W., 887; Dillard v. Wilson, 137 S. W., 152; First National Bank v. Monnig Dry Goods Co., 280 S. W., 174; Grand Leader v. Monnig, 259 S. W., 682; Maury v. Turner, 244 S. W., 809.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

The above two applications for mandamus are filed in this court as two separate causes and under two separate numbers, but they involve, in the main, the same original transactions. Both cases were submitted and argued together, and we therefore dispose of both in the same opinion. In fact, this is the only way they can be intelligently considered. The above motion for writ of prohibition is filed by interveners, C. C. Slaughter Company, et al., and will also be discussed with the two main cases.

It appears from the various records before us that W. B. Slaughter filed suit in the District Court of Palo Pinto County, Texas, against C. C. Slaughter Co., et al., for the recovery of certain lands described in the petition, and also for a money judgment. The case was finally tried in the District Court and a judgment recovered by W. B. Slaughter against said defendants in that case for a part of the lands sued for, together with a money judgment for some thirty-odd thousand dollars. The defendants appealed from said judgment to the Court of Civil Appeals at Eastland. While the case was pending in the Court of Civil Appeals at Eastland certain proceedings were had involving a motion filed by W. B. Slaughter, appellee in that court, and relator here, for certiorari, the object of said motion being to bring up to said Eastland court a certain purported judgment of the District Court of Palo Pinto County. The matters involved in said motion are fully discussed, passed on, adjudicated, and overruled, in the opinion of the Eastland Court, which is reported in 276 S. W., 724. We refer to the opinion of that court for the issues there involved. We will say that the matters set up in the two cases at bar are in part the same matters that were before the Eastland Court and decided by the opinion

above referred to. It seems while said original appeal was pending in the Eastland Court, and after it had rendered its opinion on the above motion for certiorari, and before it had finally passed on the appeal on its merits, the case was transferred, on equalization of the dockets of the several Courts of Civil Appeals to the Court of Civil Appeals for the Eighth District at El Paso. The latter court, on October 26, 1926, rendered a judgment reversing the judgment of the District Court of Palo Pinto County, Texas, and remanded the case to the District Court for a new trial. 288 S. W., 1107. Thereafter motion for rehearing was overruled and application for writ of error was duly filed and prosecuted to the Supreme Court. This application for writ of error presented in substance the material issues that are involved in the two petitions for mandamus in the two mandamus cases at bar. The Supreme Court duly considered said application for writ of error, and on February 2, 1927, entered its judgment and decree refusing said writ, and said judgments of the Court of Civil Appeals, and the Supreme Court had become final long before the two petitions in the two mandamus cases at bar were filed.

The respondents in both mandamus cases have answered herein, and the defendants in the original cause have intervened. In cause No. 5261, being the petition for mandamus against the Honorable Justice of the Court of Civil Appeals at El Paso, the relator seeks a judgment of the Supreme Court compelling and requiring said respondents to recall its mandate in said original cause sent to the District Court of Palo Pinto County, vacate its judgment of reversal in said cause, grant the writs of certiorari prayed for by relator in that court, and dismiss the appeal in Cause 1866 on the docket of that court, being the original appeal. It will here be noted that all the relief here sought by mandamus in the two cases at bar has been presented to the Court of Civil Appeals at El Paso, and by that court duly acted on and refused. Further, said court has never failed or refused to act upon, and render a judgment and decree in any matter presented to it involved in the two applications for mandamus at bar.

The application for mandamus against the district judge seeks to compel the Judge of the District Court of Palo Pinto County to enforce the original judgment of W. B. Slaughter against C. C. Slaughter Company, et al., which judgment was reversed by the Court of Civil Appeals at El Paso. 288 S. W., 1107. Another branch of the original case is reported in 284 S. W., 350. This latter application is now pending in the District Court.

It is shown by the answer of the respondents that the Hon. James R. Harper mentioned in relator's petition as Chief Justice of the Court of Civil Appeals at El Paso, is not now a member of said court, he having retired from said official position on January 1, 1925, and was succeeded on said date by the Hon. W. H. Pelphrey, who has since said date been Chief Justice of said Court. It is also shown that the Hon. J. B. Keith, formerly Judge of the District Court of Palo Pinto County, has retired and been succeeded by the Hon. Sam M. Russell. However, all present Justices of the Court of Civil Appeals, and the present judge of the District Court, have waived service and made their appearances herein.

The two petitions for mandamus filed herein are very voluminous and complicated, but we have with great labor, and care, gone into and examined the transcript and record in the original appeal in the Court of Civil Appeals, and the papers and documents filed herein, and we find that every question here presented has been presented to the Court of Civil Appeals at El Paso, and at Eastland and said questions have been duly passed on and considered by said courts, and further, each and every question germane to a decision of the two mandamus cases at bar has been presented to and passed on and adjudicated by the El Paso Court adversely to relator. We further find that the Court of Civil Appeals at El Paso has entered its judgment and decree reversing the judgment of the District Court of Palo Pinto County, Texas, in the original suit, and said Court of Civil Appeals had jurisdiction of said cause and of said appeal. The Supreme Court has refused writ of error in said cause, and we think properly so, and the judgments of the Court of Civil Appeals and of the Supreme Court are now final. The effect of the judgment of the Court of Civil Appeals is to reverse the original judgment of the District Court of Palo Pinto County, and remand the cause to that court for further proceedings in accordance with the opinion of said Court of Civil Appeals, and therefore, there is now no judgment in said court in favor of plaintiff and against the C. C. Slaughter Company, et al., to be enforced.

There is also on file in Motion No. 8498, supra, a petition by C. C. Slaughter Company, et al., interveners, in the above two causes, for writs of prohibition against W. B. Slaughter, and his attorney, and the Hon. Sam M. Russell, District Judge as aforesaid, and against Ed. Dalton, clerk pro tem, praying that they be restrained from doing certain things in regard to a suit filed on January 14, 1929, by W. B. Slaughter, in which suit it is alleged

that W. B. Slaughter is asking the judge of said District Court for a writ of mandamus against the district clerk forcing said district clerk to issue an execution on said above discussed reversed judgment. On filing of this application the Supreme Court, on recommendation of the Commission, issued a writ of prohibition commanding and restraining the said W. B. Slaughter, et al., from doing any act or thing in regard to said last named suit in the District Court pending the action of the Supreme Court in the above mandamus causes Nos. 5261 and 5262.

It follows from what we have said that we find no merit in the two applications for mandamus filed herein by W. B. Slaughter. We do not wish to be understood as holding that this court has jurisdiction over the matters as presented in the manner presented. We do not pass on that matter at all. We hold that even if jurisdiction be conceded, we find the facts do not justify the Supreme Court in exercising same. Therefore, it is not necessary to pass on the question of jurisdiction.

We are further of the opinion that there is no necessity shown for further relief in said latter Motion No. 8498, being the petition of C. C. Slaughter, et al., v. W. B. Slaughter, et al., as it will not be presumed that the District Court or its officers will violate the solemn judgment of the Court of Civil Appeals and of the Supreme Court.

We therefore recommend that said causes Nos. 5261 and 5262 be dismissed, and that further relief be refused in Motion No. 8498, and that W. B. Slaughter be taxed with all costs in this court in said three proceedings.

The opinion of the Commission of Appeals in the above two causes is adopted, and said causes are dismissed, and motion for writ of prohibition denied.

*C. M. Cureton,* Chief Justice.