## SLAUGHTER v. BREWER, District Clerk, et al.

### No. 678.

Court of Civil Appeals of Texas. Eastland.

April 11, 1930.

Rehearing Denied May 9, 1930.

D. B. Chapin, of Fort Worth, for appellant.

Worsham, Rollins, Burford, Ryburn & Hincks, Jno. W. Pope, and J. Hart Willis, all of Dallas, for appellees.

HICKMAN, C. J.

This litigation has a history. The appellant, Annie C. Slaughter, is the surviving widow of W. B. Slaughter, who has died since the original suit was filed. The litigation had its origin in a suit filed by W. B. Slaughter in the district court of Palo Pinto county against C. C. Slaughter Company et al. Pleas of privilege were filed in the cause. The trial court first entered judgment sustaining these pleas, and ordered the case transferred to Dallas county, but later entered an order setting aside the order sustaining the pleas. The appellees appealed from this last order, and this court, in an opinion appearing in 284 S. W. 350, held that the pleas of privilege were still pending and the order appealed from was not a final judgment. That appeal was accordingly dismissed. At a succeeding term of the trial court the cause was tried on its merits and a judgment entered in favor of W. B. Slaughter against the defendants. From that judgment an appeal was prosecuted to this court. After the transcript was filed in this court, W. B. Slaughter filed a motion for certiorari in order so to perfect the record as to show that notice of appeal was not given in the trial court. This court heard evidence by affidavits filed herein and entered its judgment denying the motion for certiorari. The opinion of this court on that step in the case appears in 276 S. W. 724. Thereafter, by an order of the Supreme Court equalizing the dockets of the several Courts of Civil Appeals, the cause was transferred to the Court of Civil Appeals at El Paso. That court, after hearing the cause, entered its judgment reversing the judgment of the trial court and remanding the cause for another trial in accordance with instructions contained in the opinion. The opinion of the Court of Civil Appeals at El Paso is reported in 288 S. W. 1107. A motion for rehearing was filed by W. B. Slaughter in that court and was overruled. Application for writ of error was then made by him to the Supreme Court, which application was refused. He next filed three separate proceedings, two in the Supreme Court and one in the trial court. The two proceedings in the Supreme Court were original mandamus proceedings, one against the honorable judges of the Court of Civil Appeals at El Paso, and the other against Hon. J. B. Keith, judge of the district court of Palo Pinto county. The proceeding filed in the district court of Palo Pinto county is the proceeding at bar, the nature of which will be more fully stated hereinafter. The appellees, other than J. A. Brewer, district clerk, filed an application in the Supreme Court for a writ of prohibition to prohibit the further prosecution of the case at bar in the district court of Palo Pinto county. The two mandamus proceedings and the application for writ of prohibition were consolidated in the Supreme Court and one opinion written thereon. This opinion is reported in 17 S.W.(2d) 763, 764. The history of the litigation is therein recited. It was there held, in an opinion adopted by the Supreme Court, that the Court of Civil Appeals at El Paso had jurisdiction of the cause to enter its judgment reversing and remanding same to the trial court, and the two applications for mandamus were refused. On the application of the appellees herein for a writ of prohibition, the purpose of which was to prohibit the further prosecution of the suit at bar, it was held that no necessity was shown for granting of such writ, "as it will not be presumed that the district court, or its officers, will violate the solemn judgment of the Court of Civil Appeals and of the Supreme Court."

After the entry of this judgment by the Supreme Court W. B. Slaughter died, and

thereafter appellant, Annie C. Slaughter, made herself a party plaintiff and filed an amended petition in the court below. The relief sought was for judgment declaring the judgment of the Court of Civil Appeals at El Paso null and void, and for a mandamus requiring the district clerk of Palo Pinto county to issue all process necessary to enforce the original judgment entered in the trial court, and which had been reversed by the Court of Civil Appeals at El Paso. The trial court entered its judgment dismissing all that portion of relator's petition seeking to vacate the judgment of the Court of Civil Appeals at El Paso and refusing that part of the petition seeking a mandamus against the district clerk. From that judgment the instant appeal has been prosecuted.

A consideration of the foregoing statement reveals the peculiar situation of this court's being called upon to reverse an opinion of the Supreme Court in the same case. As will be disclosed by a consideration of the opinion of the Supreme Court in 17 S. W.(2d) 763, that court has definitely and specifically determined, as it had theretofore done in refusing a writ of error, that the Court of Civil Appeals at El Paso had jurisdiction of the cause which it reversed and remanded. That is the only question in the instant appeal. The Supreme Court, also, in the same opinion, assigned, as its only ground for not issuing a writ of prohibition against the further prosecution of the instant suit, the presumption that the trial court would not grant any relief herein, and by so doing set aside valid judgments of the Court of Civil Appeals at El Paso and of the Supreme Court. That presumption indulged by the Supreme Court was well founded, and the trial court in the instant case has made the exact ruling which the Supreme Court presumed it would make. We are called upon to say that the trial court erred in so doing. We think that, obviously, it did not err, but entered the only judgment which it was authorized to enter. No further reason for this holding is required than a reference to the various opinions in this cause referred to above, particularly that of the Supreme Court.

There has been filed in this court a certified copy of a judgment rendered by the honorable District Court of the United States in and for the Northern District of Texas, on January 14, 1930, enjoining the appellant from further prosecuting this suit in the state courts. This judgment is not a part of the record in this case, and we have not before us, in form for consideration, the question of whether the judgment is still in force and effect or has been dissolved. It is presented that comity should dictate that the instant appeal be dismissed. We have considered the question of whether the judgment should be or.e of affirmance or dismissal. Were the injunction a part of the record herein with a showing that same is still in effect, we think the proper respect for, and consideration of, the honorable United States District Court, which has acquired jurisdiction in a bankruptcy proceeding of the estate effected by this litigation, would impel us to decline to enter any order herein, save one of dismissal. But, since an order of affirmance will accomplish the same results, and, perhaps, more speedily terminate the litigation, and since the effect of an order of affirmance is to approve the action of the trial court in dismissing the proceeding, we deem it advisable to enter that order.

It is accordingly ordered that the judgment of the trial court be in all things affirmed.