## SLAUGHTER v. C. C. SLAUGHTER CO. et al.
### No. 6027.

Circuit Court of Appeals, Fifth Circuit.

March 31, 1931.

Rehearing Denied April 25, 1931.

D. B. Chapin, of Gladewater, Tex., for appellant.

Albert S. Rollins, J. Hart Willis, and John W. Pope, all of Dallas, Tex., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

Appellant filed a bill in the federal District Court to have declared void certain orders theretofore entered therein in bankruptcy, and also certain proceedings in the appellate courts of Texas which resulted in a reversal of a judgment in favor of her husband against C. C. Slaughter Company and others rendered by the district court of Palo Pinto county. The bill prayed in the alternative that an injunction entered in the bankruptcy proceedings, restraining her from entering upon a retrial of the case in the state court, be vacated and set aside. On motion of appellees, the bill was dismissed on the ground that the subject-matter thereof was res judicata. The bill shows that in 1918 W. B. Slaughter was adjudged a bankrupt on an involuntary petition, on the ground that, while insolvent, he permitted a creditor to obtain a preference through a judgment which was not vacated or discharged, but which was satisfied by a sale of some of his property. Slaughter appeared in the bankruptcy proceeding, filed a schedule of his property, and was granted a discharge. His trustee in bankruptcy filed a suit against C. C. Slaughter Company and G. G. Wright, to whom before bankruptcy he had conveyed all his property. The object of the trustee's suit was to recover that property for the benefit of the bankrupt estate. A compromise settlement was made under which the defendants kept the property sued for, but paid $85,000 to the trustee. That settlement was approved and confirmed by the court in a final judgment entered in March, 1919. In 1924 W. B. Slaughter sued the C. C. Slaughter Company and Wright in the district court of Palo Pinto county, to recover the same property that had been awarded to them in 1919 by the judgment in the bankruptcy court. He obtained judgment in the state trial court for the recovery of the property and some $30,000 damages; but this judgment was reversed by the Court of Civil Appeals. Slaughter v. Slaughter, 276 S. W. 724; 284 S. W. 350; 288 S. W. 1107. Writs of mandamus and prohibition were denied by the Supreme Court. 118 Tex. 601, 17 S.W. (2d) 763. After the suit in the state court had been reversed, and to prevent a retrial of it, appellees filed a supplemental bill in the bankruptcy court to enforce the decree of March, 1919, and for an injunction. A temporary restraining order was issued. W. B. Slaughter having died, the appellant, his widow and executrix, was substituted as a party in his place, and on January 14, 1930, a final decree was entered granting a per-

manent injunction restraining her from prosecuting further the suit in the state court.

 It seems to be the contention of appellant that the proceedings in the bankruptcy court and in the appellate courts of Texas were all void, because appellant was denied due process of law. There cannot possibly be any merit in that contention under the allegations of the bill; and so we pass it by without further comment, and treat the bill as an application to vacate the injunction issued in January, 1930, and to grant appellant the relief which she sought in the state court. The court below had the power to protect its own previous decree and in doing so to grant the injunction prayed for in the supplemental bill. Swift v. Black Panther Oil & Gas Co. (C. C. A.) 244 F. 20; Wilson v. Alexander (C. C. A.) 276 F. 875. Appellant was a party defendant to the supplemental bill and filed a counterclaim in which she sought, or could have sought, all the relief she now prays for. The decree entered upon the supplemental bill was a final decree, and any errors contained in it could and should have been presented for review by a direct appeal. Appellant cannot be permitted to substitute for an appeal an independent suit and thereby litigate anew questions which have been finally decided. If the rule were otherwise, there never would be an end of litigation or such a thing as the final decision of a case.

The decree dismissing the bill of complaint is affirmed.