### STERLING et al. v. GREDIG et al.
### No. 501.

District Court, S. D. Texas, Houston Division.
April 15, 1932.

Champ Ross, Chas. B. Wood, Ross, Wood, Lawler & Wood, Jno. G. Logue, Andrews, Streetman, Logue & Mobley, Sam Neathery, Wm. D. Orem, and Geo. D. Neal, all of Houston, Tex., for complainants.

Kirby Fitzpatrick, of Houston, Tex., for respondents.

KENNERLY, District Judge.

This suit involves the properties of the estate of Geo. H. Hermann, deceased. Complainants are the trustees of the Hermann Hospital Estate, and the city of Houston and its municipal officers, and claim the properties under Hermann's will. Respondents, other than Kirby Fitzpatrick (who are for convenience referred to as respondents), are alleged to be the heirs of Hermann, and claim the properties, as such, under the will. Kirby Fitzpatrick is respondents' attorney herein and in the prior suit and pending suits hereinafter discussed.

Respondents have filed in the state court two suits, and in this court two suits (for convenience called pending suits) against complainants, or some of them, to recover such properties, and complainants bring this bill to enjoin and restrain the prosecution of such pending suits, alleging that the title to such properties, and all the questions raised by respondents in such pending suits, were adjudicated and settled in favor of complainants by decree of this court, entered January 28, 1930, in a suit in equity (No. 394 in this court), instituted and prosecuted by respondents against complainants, and for convenience referred to as the prior suit. Complainants allege that by filing and prosecuting such pending suits, respondents are seeking to avoid and defeat the force and effect of such decree, and complainants' rights thereunder, interfering with complainants in the administration of such properties and of the trust created by such will, causing complainants loss, damage, and expense, and bring this bill in the nature of an ancillary and supplemental bill to effectuate, enforce, and carry out such decree.

Going at once to the heart of the matter:

■ (1) Is such decree in the prior suit affirmed by the Circuit Court of Appeals, Fifth Circuit [47 F.(2d) 832, 834], and certiorari denied by the Supreme Court of the United States (284 U. S. 629, 52 S. Ct. 13, 76 L. Ed. 535), res adjudicata of that which is sought to be litigated in the pending suits?

I think this question must be answered in the affirmative. The res is the same. The parties are the same. Respondents sought in the prior suit a recovery of the properties and an accounting. They are seeking in the pending suits a recovery of the properties and an accounting. They alleged in the prior suit that the will contained conditions which had not been performed, which they there denominated *conditions subsequent.* In the pending suits, they make the same allegations, point to the same conditions, and denominate them *conditions precedent.* They, in the prior suit, argued against the validity of the trust provisions of the will, claiming indefiniteness as to the beneficiaries. In the pending suits, they seek to strike down such trust provisions, upon the ground that they violate the rule against perpetuities.

The decree, after reciting the contention of Hermann's heirs (respondents in this suit), as shown by their bill, and the grounds of the motion to dismiss of the trustees and city (complainants in this suit), sets forth that:

"The Court, after carefully considering plaintiffs' said bill and the motions to dismiss the same, announced its decision, same being to the effect *that said bill was without equity or merit and showed no cause of action either at law or in equity against the said defendants or any or either of them,* and in accordance with its decision the Court sustained defendants' said motions to dismiss plaintiffs' bill of complaint and dismissed plaintiffs' said bill and suit and plaintiffs' standing upon their said bill and declined to amend, the Court thereupon rendered judgment against them.

"It is therefore considered by the Court, and so ordered, adjudged and decreed, that said motions to dismiss be and they are hereby sustained and that the said Bill be and it is hereby dismissed as well as this suit and *that the said plaintiffs take nothing by their suit and as to plaintiffs' said suit the said defendants and each of them go hence without day* and recover of and from the said plaintiffs all costs of Court by them herein incurred."

There is much that could be said in support of the view that, as to such of these properties as are real estate and are situated in Texas, this decree, as so worded, which denies respondents a recovery thereof, is conclusive against respondents under article

7391, Texas Revised Civil Statutes of 1925. Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122, 127, and cases there cited.

Be that as it may, it is beyond dispute that the main and real issue litigated in the prior suit was the title to, and ownership of, the properties. The main and real issue which respondents are seeking to litigate in the pending suits is the title to, and ownership of, the properties. Other issues are but those arising in determining such issue of title, and are but incidental. Upon this main issue (title), this court spoke, in its decree, in part quoted above, with entire clarity. Likewise, the Circuit Court of Appeals, in affirming the decree. In the opinion of that court, after quoting the tenth paragraph of the will, it is said (italics mine):

"Appellants contend that the devises and bequests to the hospital trustees were upon conditions subsequent, that these conditions were breached by the alleged violations of trust above mentioned, and that the property so devised and bequeathed reverted, under the provisions of the tenth paragraph of the will, to the testator's heirs living in Switzerland.

"The devises to the trustees for the establishment of a hospital and to the city of Houston for the establishment of a public park *were valid charitable gifts.* 5 R. C. L. 334, 339. * * * *The language of the devise to the hospital trustees was appropriate to carry the fee simple.* Bell County v. Alexander, 22 Tex. 351, 73 Am. Dec. 268. But it is not doubted that the title of the trustees is held in trust; and, of course, a gift in trust may be also upon condition. Green v. Old People's Home, 269 Ill. 134, 109 N. E. 701. * * *

"The language above quoted from the tenth paragraph of the will contains no express condition subsequent. Nor does it in our opinion imply a condition subsequent. The intention of the testator by the use of that language appears to us to have been to give the property set aside for the establishment and maintenance of a hospital to his heirs in Switzerland *only* in the event it should be found to be legally impossible to carry into effect his intended gift to charity. The words 'fail' and 'lapse,' which are used in connection with the trust and the devise, are synonymous, and have reference to the failure of the devise to charity to take effect. See 4 Words and Phrases, Third Series, p. 749, and cases cited under heading 'Lapsed Legacy.'

"The testator disclosed his intention that his heirs should take the property that 'would have gone' to the hospital trustees but for such failure and lapse; he *did not* express it as his intention that property which had *once vested* in the trustee should *ever be divested and given to his heirs.* * * *

"A reversion will not be implied for breach of condition subsequent, since in our opinion there was no such condition attached to the gift in trust for the benefit of the hospital, and under the will the *heirs were not entitled to take except upon failure of the hospital trust to take effect. The trustees have built and are operating a hospital, and so there is no question here of the right of appellants to take as heirs upon a termination of the trust."*

Thus, the main issue (title to the properties) has been definitely and finally determined in favor of complainants, and against respondents.

█ (2) But it is insisted that the decree was entered, not on a trial on the merits, but upon the motion to dismiss of the trustees and city, and that the heirs of Hermann have not had their day in court; have not had a trial by jury, etc. The prior suit was instituted in a court (this court) selected by the Hermann heirs, by able counsel selected by them, in form of pleadings chosen by them. Upon the sustaining of the motion to dismiss, they elected to, and did, refuse to amend, and stood upon their pleadings. The decree followed. That a decree such as this, adjudicating title to property, is as effective as a decree entered after a trial on the merits, is beyond question. Passailaigue v. Herron (C. C. A.) 38 F.(2d) 775; Northern Pacific Ry. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738; Parrish v. Ferris, 2 Black, 606, 17 L. Ed. 317.

█ (3) As has been pointed out, respondents alleged in the prior suit that the will contained conditions, which they then denominated *conditions subsequent,* etc., and they now, in the pending suits, make the same allegations, and point to the same conditions, and denominate them *conditions precedent.* I see no substantial difference, indeed no difference, between the claim then and now. It is in effect the same claim and contention, but by a different name. But if there be a difference, the claim now is one that respondents were required to bring forward in the prior suit. Grubb v. Public Utilities Commission of Ohio, 281 U. S. 470, 50 S. Ct. 374, 74 L. Ed. 972; U. S. v. California & Oregon Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; Cromwell v. Sac County, 94 U. S. 351, 24 L.

Ed. 195; U. S. v. Moser, 266 U. S. 236, 45 S. Ct. 66, 69 L. Ed. 263; Northern Pacific Ry. Co. v. Slaght, 205 U. S. 129, 27 S. Ct. 442, 51 L. Ed. 738; Miller v. Belvy Oil Co. (C. C. A.) 248 F. 83.

(4) And there are several other insurmountable difficulties in the way of the respondents. One of these is that the briefs of the parties show that the case was presented to the Circuit Court of Appeals, both upon the theory of a condition subsequent and a condition precedent, and apparently that court passed upon both theories. If not, it is clear that in passing upon respondents' theory of a condition subsequent, it was necessary for this court and the Circuit Court of Appeals to construe the will, and determine what, if any, title the trustees, the city, and respondents had to the properties, and the nature of such title. It was found that the title to the properties *had vested in fee simple* in complainants. This is wholly inconsistent with respondents' present theory of a condition precedent.

(5) Again the Circuit Court of Appeals found, as has been pointed out, that it was the intention of Hermann to give the properties to his heirs, *only* in the event it should be found legally impossible to carry into effect the intended gift to charity, etc. It seems to me that this closes the door against a recovery of these properties by respondents under the condition precedent theory, or any other theory.

(6) Without doubt, this court, and the Circuit Court of Appeals in the prior suit, passed upon the theory now advanced by respondents, that the trust created is contrary to the rule against perpetuities. Citing 5 R. C. L. 334 and 339, the Circuit Court of Appeals holds that the devises in the will to the trustees for the establishment of a hospital, and to the city of Houston for the establishment of a public park, were valid charitable gifts. A reference to 5 Ruling Case Law, cited, shows the discussion there is with respect to perpetuities, and an examination of briefs in the Circuit Court of Appeals discloses that the question was therein presented.

■ (7) This brings us to the second question of whether complainants are entitled to judgment, restraining respondents from relitigating, or attempting to relitigate, in the pending suits, the questions settled by the decree.

Complainants seek, in this suit, to enforce and effectuate the decree. They allege that respondents, by the prosecution of the pending suits, are seeking to render the decree void and ineffectual, and to unsettle and annul what has been there settled. And that the filing and prosecution of said suits have, and will continue to have, the effect of clouding the title of the trustees and the city to the properties; of embarrassing, hindering, delaying, and impeding them in the proper administration thereof; and that said suits are vexing and harassing to complainants, and are subjecting them, and will continue to subject them, to the necessity of expending considerable sums of money in the payment of costs, expenses, and attorney's fees in and about the defense of said suits; will compel complainants to submit to a multiplicity of suits to therein relitigate what has already been litigated, adjudicated, and settled in their favor by such decree, and that complainants are being deprived, and will be deprived, of the practical benefit and value of the decree in their favor, and deprived of the protection and enforcement of the right, title, and interest acquired by such decree.

These allegations I find to be true.

It follows that complainants are entitled to the relief asked. Kern v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 274, 26 S. Ct. 252, 50 L. Ed. 478; Root v. Woolworth, 150 U. S. 401, 14 S. Ct. 136, 37 L. Ed. 1123; Toledo Scale Co. v. Computing Scale Co., 261 U. S. 399, 43 S. Ct. 458, 67 L. Ed. 719; Independent Coal & Coke Co. v. U. S., 274 U. S. 640, 47 S. Ct. 714, 71 L. Ed. 1270; Wilson v. Alexander (C. C. A.) 276 F. 875; Higgins v. California Prune & Apricot Growers (C. C. A.) 282 F. 550; Slaughter v. Slaughter (C. C. A.) 48 F.(2d) 210.

Let a decree be prepared accordingly.