**JOHNSTON et al. v. STINSON et al.**

No. 6546.

Court of Civil Appeals of Texas. Texarkana.

Oct. 5, 1950.

Pat Beadle, Robert Gooding, Clarksville, for relators.

Starnes & Hutchins, L. L. Bowman, Jr., and Rollins & McWhirter, all of Greenville, W. M. Bates, Dallas, for respondents.

WILLIAMS, Justice.

The defenses of the five-, ten- and twenty-five-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510, 5519, laches, innocent purchasers for value, estoppel by deed and judgments and the asserted validity of certain previous judgments in the District Courts of Lamar County, Texas, were raised and issue joined on each by the litigants in a trial had in the 52nd Judicial District Court of Hunt County. In an appeal from the judgment there rendered in which above issues were reasserted and briefed this court in an opinion styled Johnston et al. v. Stinson et al., reported in Tex.Civ.App., 215 S.W.2d 218, disposed of all defensive issues asserted by the defendants adversely to them and for this reason omitted a discussion of the pleas of estoppel by a deed and a judgment urged by the plaintiffs.

Based upon such disposition of the issues and the record then presented, this court concluded,

"It is therefore the opinion of this court that the trust provisions of the will are now and have been in full force and effect so far as the rights of the remaindermen as a class are involved; that all rights of Louis T. Johnston, Sr., under the trust were terminated in 1924 or 1925 as a result of his attempted alienation of the corpus of the trust estate; that the remaindermen, as a class, are entitled to the appointment of a receiver to administer the trust estate according to the trust provisions until the death of Louis T. Johnston, Sr., but for the benefit of the remaindermen as a class.

"The conclusions above expressed render unnecessary a discussion of the asserted estoppel urged by plaintiffs by virtue of the judgment rendered in cause No. 3293. Nor is it necessary to determine if the independent executors were necessary parties to cause No. 10098 under the provisions of Art. 1982, R.C.S. of Texas.

"We express no opinion as to the other issues raised in the respective pleadings with respect to equities that may exist between various warrantors of title, nor as to the disposition of any claims for rentals or improvements or the effect of any statute of limitation on same.

"Accordingly, the judgment of the lower court is reversed and the cause is remanded with direction that the trial court observe the law of the case as above expressed and give effect to the same in the disposition of

all other issues raised by the present pleadings or that may be raised by amended pleadings.

"The judgment is reversed and the cause is remanded with instructions."

Upon the issuance of the mandate out of this court plaintiffs, the relators here, filed their first amended original petition which contains the same allegations and prayer for relief as before, save and except as to the amount of rents, revenue and profits claimed by them from the defendants Stinsons and the insurance company.

The defendants Stinsons and insurance company filed their amended answers in which the same defensive issues first hereinabove enumerated were reasserted. In addition, the defendants asserted for the first time that J. H. Johnston, Jr., Bessie E. Ferguson and Sue Mildred Johnston were potential remaindermen under the trust provisions of the will and as such were necessary parties to plaintiffs' cause of action. In this amended answer, defendants further asserted for the first time that the forfeiture provision in the will was ambiguous and uncertain and therefore void and unenforceable; and further that the suit was prematurely filed in that forfeitures are frowned upon and when this principle is applied, that the terms of the will disclosed the intent to provide sustenance for Louis T. Johnston, Sr., during his life. Defendants further attack the jurisdiction of the district court to appoint a substitute trustee under the will and assert now that such power is lodged solely in the probate court of Lamar County.

In amended pleadings under their cross-action, defendants affirmatively seek, as before, the removal of cloud from title and for recovery on the warranties and to this end prayed for citation to issue for the heirs and independent executrix of the estate of J. H. Johnston, Jr., deceased.

By way of supplemental petitions, plaintiffs set up the disposition of the issues urged in the mentioned appeal as res adjudicata of the matters again urged by defendants in above amended answers. Several applications for the appointment of a receiver and a setting of the case for trial were filed by plaintiffs.

The trial court, upon the application of relators as prayed for, has appointed a receiver of the estate pendente lite with instruction to pay into the registry of the court all rents and revenue received by him. He has in all respects qualified as required by law.

Virginia Johnston Lovett, joined by her husband, Barbara Johnston, a minor, and Louis T. Johnston, Jr., relators in the instant action, were the plaintiffs in above litigation and the appellants in above appeal. Respondents here are J. F. Stinson and wife and the National Life Insurance Company, the defendants and appellees in above litigation; their attorneys and Judges Chas. D. Berry and E. L. Myers presiding respectively in the 62nd and the 8th Judicial District Courts of Hunt County.

Premised upon the former disposition of the issues and the present state of the pleadings above set out this court granted relators leave to file their accompanying application for writ of prohibition to restrain respondents from relitigating the issues theretofore disposed of in the original suit, and for writ of mandamus to direct the trial court to appoint a receiver or trustee to execute the provisions of the trust.

In view of the respective replies, each verified, by the Hon. Chas. D. Berry, Judge of the 62nd Judicial District Court and of E. L. Myers, Judge of the 8th Judicial District Court, both in Hunt County, Texas, and a further study of the record here presented, this court would not be warranted to issue either writ as prayed for. In the language of the Supreme Court of Texas in Slaughter v. Harper, 118 Tex. 601, 17 S. W.2d 763, 764, "it will not be presumed that the district court, or its officers, will violate the solemn judgment of the Court of Civil Appeals and of the Supreme Court." See also Stone v. Kuteman, Tex.Civ.App., 150 S.W.2d 107, 110. In addition to this presumption and the respect entertained for their integrity, these officials in their replies each state it will be his purpose, if the case is tried before him, to use his best

judicial discretion in applying the rules laid down by the Court of Civil Appeals to the facts established upon the trial and that he has no intention to undertake to evade or set aside the rules laid down by the Court of Civil Appeals in its opinion. In 45 Am. Jur., p. 180, persuasive here, it is stated, "If the judge unconditionally denies any intention to take the action suggested by the application, that denial would seem to be conclusive and necessarily result in the refusal of the writ."

Should the trial court erroneously fail to follow the law of the case as expressed by the Court of Civil Appeals; or should erroneously dispose of any plea of res adjudicata that might be urged to matters heretofore disposed of in the original appeal; or should erroneously dispose of the defensive issues asserted by the defendants for the first time in their amended pleadings, the relators would not be without an adequate remedy in the ordinary course of law, such as the remedy by appeal. This court having reversed the original judgment and remanded the cause with instruction, jurisdiction is now lodged in the District Court of Hunt County for disposition. 42 Am.Jur. (Prohibition), secs. 6–7; Milam County Oil Mill v. Bass, 106 Tex. 260, 163 S.W. 577, 578; Clark v. Ewing, Tex.Civ. App., 196 S.W.2d 53, 55.

Application for writ of prohibition and mandamus is respectfully denied.