## TRUSTEES OF MOTLEY INDEPENDENT SCHOOL DIST. v. STECK CO.

### No. 12335.

Court of Civil Appeals of Texas. Dallas.

March 12, 1938.

Stone & Wells, of Henderson, and C. H. Machen, H. C. Chancellor, and Harold E. Wood, all of Dallas, for appellant.

McCombs, Andress & Johnson, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment of a county court of Dallas county, sustaining a general demurrer to a plea of privilege, and, in consequence, overruling the plea. The demurrer does not disclose the vice, if any, in the pleadings, and the judgment of the court does not indicate any reason or ground for sustaining the demurrer. From the record and brief here presented, it is evident appellant was not advised and did not know the contentions of plaintiff; such contentions being shrouded in mystery until after the cause was submitted in this court for determination, when appellee was accorded privilege to file a belated brief. Appellant moves to strike the brief, but on account of our disposition of this appeal, the motion is overruled.

The Steck Company instituted suit in the county court of Dallas county at law No. 1 against "Trustees of Motley Independent School District," alleging the defendant to be a "body corporate under the laws of the State of Texas, located in the City of Henderson, Rusk County, Texas, of which Monnie Maloney is President, A. E. Baughman is Secretary, and B. B. Stanfield is Superintendent of Schools," on a verified account annexed to its petition, and sought judgment against said named corporation for amount of the account, and for a writ of mandamus ordering and commanding the "Trustees of Motley Independent School District" to issue a warrant in payment of such judgment, and depositary of the funds of "Motley Independent School District" to make payment of such warrant out of any funds belonging to said school district.

In due time and order and in statutory form, "Trustees of Motley Independent School District" and its trustees, Monnie Maloney, president of the board, A. E. Baughman, secretary, and B. B. Stanfield, superintendent, filed plea of privilege to be

sued in Rusk county, Tex., the county of their residence. The plea of privilege, deleting the formal parts, reads:

"Now comes the Trustees of Motley Independent School District, a body politic and corporate, under the laws of Texas, and its Trustees, Monnie Maloney, President of the Board of Trustees of Motley Independent School District, A. E. Baughman, Secretary of the Board of Trustees of Motley Independent School District, and B. B. Stanfield, Superintendent of Schools of Motley Independent School District, and said defendants having been heretofore served with alias citation to appear herein, and with leave of the Court first had and obtained, file this their amended original plea of privilege, showing to the Court as grounds therefor the following:

"The Trustees of Motley Independent School District, a body corporate, and its trustees and each of them as defendants, and the parties claiming such privilege, say that they were not at the time of the institution of such suit, nor at the time of service of process thereon, nor at the time of the filing of such plea, residents of Dallas County, Texas, the county in which this suit was instituted, but resided within the designated metes and bounds of Motley Independent School District in Rusk County, Texas, as required by law.

"The county of residence of these defendants, the Trustees of Motley Independent School District, a body corporate, and its trustees aforesaid, at the time of such plea, as well as at the time of the filing of same, is Rusk County, Texas. No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause. Wherefore, premises considered, these defendants, and each of them, pray the court to sustain this plea of privilege and to enter the proper order, that the venue of such cause be changed, and that such cause be transferred to the County Court of Rusk County, Texas, the proper court of the county having jurisdiction and venue of the parties to such cause."

The plea of privilege was signed by the name defendant, and its trustees named in plaintiff's petition, and, in proper form, sworn to by C. H. Machen, agent and attorney for said defendant and its designated trustees.

The Steck Company, plaintiff, did not file a controverting affidavit to said plea of privilege, filing only a general demurrer, which was sustained by the trial court, and judgment entered overruling the plea of privilege.

We are at a loss to know the reason or grounds on which the trial court sustained the general demurrer to defendant's plea of privilege. Obviously plaintiff instituted the suit against the defendant, denominating it "Trustees of Motley Independent School District," and we must assume, in the absence of anything to the contrary, that the defendant corporation was sued in its corporate name, as stated in plaintiff's petition. The plaintiff having sued "Trustees of the Motley Independent School District," therefore, it was incumbent upon the defendant to file a plea of privilege in its corporate name. Courts cannot assume the corporate name is other than that stated in the pleadings.

It may be, as suggested in appellee's brief, that the corporate name is, in fact, "Motley Independent School District"; but how is the court to know, in the absence of a showing, in pleading or proof that such is its corporate name? The plaintiff designates the defendant as "Trustees of Motley Independent School District," and the plea of privilege is presented and signed by "Trustees of Motley Independent School District"; therefore, it must be concluded that the corporate defendant is as designated by the parties; and the said named defendant having filed a plea of privilege in form provided by statute, no controverting affidavit having been filed, the trial court was without authority to overrule said plea of privilege and retain venue of the suit in Dallas county against "Trustees of Motley Independent School District," and the other defendants named in the suit.

The judgment of the court below is reversed and rendered, sustaining defendant's plea of privilege, and transferring the cause to the county court of Rusk county, Tex.

Reversed and rendered.