TRUSTEES OF MOTLEY INDEPENDENT SCHOOL DIST. v. STECK CO.

No. 13614.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 2, 1938.

Stone & Wells, of Henderson, and C. H. Machen, Harold E. Wood, and H. C. Chancellor, all of Dallas, for appellant.

Renfro, McCombs & Kilgore and Searcy L. Johnson, all of Dallas, for appellee.

SPEER, Justice.

This suit was originally instituted in the County Court at Law No. 1, Dallas County, Texas, by The Steck Company, a corporation, hereinafter called appellee, against the "Trustees of Motley Independent School District, a body corporate", hereinafter called appellant, upon a purported verified account.

Appellant duly and timely filed its plea of privilege to be sued in Rusk County, the place of its domicile. The trial court, upon hearing, overruled the plea, from which judgment the appellant perfected an appeal to the Dallas Court of Civil Appeals.

Subsequently, and while that appeal was pending, the case was called for trial on its merits. Appellant, still insisting on its plea of privilege and in no way waiving it, answered and the case was tried; judgment was entered for appellee in the amount sued for. From that judgment appellant again appealed to the Dallas Court of Civil Appeals, and by an equalizing order of the Supreme Court, that appeal was transferred to this court for determination.

Under joint motions by the parties, we postponed the submission of this appeal, and passed it to the heel of the docket, awaiting the outcome of the appeal on the plea of privilege. When we reached this submission the Dallas Court had reversed the judgment of the trial court overruling the plea of privilege, and rendered judgment that the plea be sustained, ordering that the case be transferred to Rusk County for trial. See Trustees of Motley Independent School Dist., etc. v. Steck Co., Tex.Civ.App., 115 S.W.2d 434.

From the disposition made of the appeal on the plea of privilege, as shown by the case cited, it is apparent that the County Court at Law No. 1, Dallas County, was without jurisdiction to try the case upon its merits and render the judgment from which this appeal is prosecuted. Slaughter Co.

v. Slaughter, Tex.Civ.App., 288 S.W. 1107; O'Brien et al. v. Smith, Tex.Civ.App., 80 S.W.2d 459, and cases cited.

For the assigned error in the matter of the trial court assuming jurisdiction to try the case on its merits, and in rendering judgment therein, the cause must be reversed and remanded, to the end that the case may be transferred to Rusk County for trial, in accordance with the order of the Dallas Court of Civil Appeals, as hereinbefore shown.

The judgment of the trial court is therefore reversed and the cause remanded, with instructions that the case be transferred to Rusk County for trial, where venue properly lies. Reversed and remanded.